IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RUDY AKONI GALIMA and ROXANA BEATRIZ GALIMA,<br><br>      Plaintiffs,<br><br>  vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF PALM COURT, by and through its Board of Directors; DOE DEFENDANTS 1-10,<br><br>      Defendants. | CIVIL 16-00023 LEK-KSC |

**ORDER DENYING PLAINTIFFS' MOTION FOR REMAND FOR
LACK OF FEDERAL JURISDICTION AND ATTORNEY'S FEES AND COSTS;
AND GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT**

Before the Court are: Plaintiffs Rudy Akoni Galima and Roxana Beatriz Galima's ("Plaintiffs") Motion for Remand for Lack of Federal Jurisdiction and Attorney's Fees and Costs ("Plaintiffs' Motion"), filed on February 1, 2016; and Defendant Association of Apartment Owners of Palm Court's ("Defendant" or "AOAO")[1] Motion to Dismiss or for More Definite Statement ("Defendant's Motion"), filed on February 1, 2016.  [Dkt. nos. 8, 11.]  Defendant filed its memorandum in opposition to the Motion to Remand ("Remand Opposition") on March 7, 2016, and Plaintiffs filed their reply ("Remand Reply") on March 11, 2016.  [Dkt. nos.

---

[1] Plaintiffs have sued Defendant by and through its Board of Directors.

23, 25.] Plaintiffs filed their memorandum in opposition to the Motion to Dismiss ("Dismissal Opposition") on March 7, 2016, and Defendant filed its reply ("Dismissal Reply") on March 14, 2016. [Dkt. nos. 24, 26.]

On March 24, 2016, this Court issued an entering order finding these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules") and ruling on the motions ("3/24/16 EO Ruling"). [Dkt. no. 27.] The instant Order supersedes the 3/24/16 EO Ruling.

After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, Plaintiffs' Motion is HEREBY DENIED, and Defendant's Motion is HEREBY GRANTED IN PART AND DENIED IN PART, for the reasons set forth below.  Specifically, Defendant's Motion is GRANTED insofar as all of Plaintiffs' claims are HEREBY DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

Plaintiffs originally filed this action in the State of Hawai`i Circuit Court of the First Circuit on January 12, 2016. [Transmittal of Documents, Complaint, filed 1/25/16 (dkt. no. 7-3).] They filed their First Amended Complaint on January 15, 2016.  [Notice of Removal, filed 1/22/16 (dkt. no. 1), Decl. of David R. Major, Exh. A.]  On January 22, 2016, Defendant removed

the case to this district court based on federal question jurisdiction.  [Notice of Removal at ¶ 3.]

The First Amended Complaint alleges that Plaintiff Rudy Akoni Galima ("Mr. Galima") is a "member of the armed forces of the United States of America on active duty."  [First Amended Complaint at ¶ 1.]  He and his wife, Plaintiff Roxana Beatriz Galima ("Mrs. Galima") currently reside at the Marine Corps Air Ground Combat Center in California.  [Id. at ¶¶ 1-2.]  In or around April 2006, Plaintiffs purchased Apartment Number 10A in a condominium project known was Palm Court, Increment IC ("Palm Court") in Ewa Beach ("the Apartment"), while Mr. Galima was stationed in Hawai`i.  [Id. at ¶¶ 7, 21.]  Defendant is the Palm Court homeowners' association.  [Id. at ¶ 3.]

In or around March 2008, Mr. Galima was reassigned to a duty station outside of Hawai`i, but Plaintiffs intended to return to Hawai`i after Mr. Galima's military career was over.  They retained a real estate brokerage company to rent the Apartment, but the tenant who rented the Apartment failed to pay the rent on a consistent basis.  Plaintiffs were unable to evict the tenant, who continued to default on the rent, and they decided to sell the Apartment.  [Id. at ¶¶ 22-25.]

Plaintiffs accepted an offer for the Apartment that was below the market value ("the Short Sale").  Plaintiffs negotiated a settlement with the holder of their second mortgage, and they

paid off their second mortgage.  According to Plaintiffs, they informed Defendant that they intended to pay all amounts due to Defendant after the Short Sale closed.  However, the Short Sale did not close because Defendant and other Doe Defendants acting on Defendant's behalf (collectively "Defendants") sold the Apartment in October 2010 in a nonjudicial foreclosure sale ("the Foreclosure").  Defendants conducted the sale pursuant to Part I of Haw. Rev. Stat. Chapter 667, *i.e.* Haw. Rev. Stat. §§ 667-1 to 667-10, to foreclose upon a lien for unpaid common assessments.  [Id. at ¶¶ 26-29.]  In the Foreclosure, Defendant bid $1.00, and it was accepted as the winning bid.  The title, possession, and control of the Apartment were transferred to Defendant, which has since received the rental income and/or other economic benefits from the Apartment.  [Id. at ¶¶ 30-31.]  Plaintiffs allege that "Defendants conducted the Foreclosure sale without complying with all notice requirements, including but not limited to providing Plaintiffs with notice of the delinquency, that the lien was being foreclosed, of the Foreclosure, and/or the notices required by the Service Members' Civil Relief Act" ("SMCRA"), 50 U.S.C. App. § 501, *et seq.*  [Id. at ¶ 32.]

        The First Amended Complaint alleges the following claims: a claim asserting that the Foreclosure was improper because, *inter alia* Defendant could not utilize Chapter 671, Part I, and did not comply with the requirements of Ulrich v. Security

Investment Co., 35 Haw. 158 (Terr. 1939) ("Count I"); a claim that appears to allege violations of both the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and Haw. Rev. Stat. § 480-2 ("Count II"); a claim asserting that, even though "a nonjudicial foreclosure operates as satisfaction of the underlying debt pursuant to [Haw. Rev. Stat.] § 667-38,"[2] Defendants filed an action in state court to collect the assessments that the Foreclosure was based upon, and Defendants made false statements in the course of that proceeding ("Count III"); and a claim asserting that Defendant has failed to apply excess rental income from Apartment to existing lien holders – in this case, the mortgage holder ("Count IV").

        Plaintiffs pray for the following relief:

- as to Count I, restoration of title to the Apartment or compensation for the present value of the Apartment; disgorgement of the rental income and/or other economic value that Defendant has obtained from the Apartment since the Foreclosure; an award of damages for the losses and injuries that Plaintiffs have suffered as a result of the Foreclosure; and an award of attorneys' fees and costs pursuant to Haw. Rev. Stat. § 514A-94(b) or § 514B-157(b);

- as to Count II, damages – including treble damages – and attorneys' fees under the FDCPA and Haw. Rev. Stat. Chapter 480;

- as to Count III, an award of damages for their actual losses and injuries – including mental anguish and emotional distress – and punitive damages;

- as to Count IV, an award of damages for their actual losses and injuries; and

---

    [2] First Amended Complaint at ¶ 53.

-as to all counts, costs of suit, reasonable attorneys' fees, and any other appropriate relief.

In the Motion to Remand, Plaintiffs argue that the instant case only involves issues of state law – primarily, whether Defendant had the right to utilize § 667-5 and Chapter 671, Part I to foreclose on the Apartment to enforce its lien, or whether it was required to proceed under the Alternate Power of Sale Foreclosure Process in Haw. Rev. Stat. §§ 667-21 to 667-42. Plaintiffs argue that this case does not involve any issue of federal law, and the references to the SMCRA and the FDCPA do not convert their state law claims into federal claims.

In the Motion to Dismiss, Defendant argues that it cannot determine what Plaintiffs' claims are. According to Defendant, because it cannot determine what Plaintiffs' claims are, it cannot raise possible statute of limitations defenses or other arguments why the claims are barred. Defendant contends that this Court should either dismiss the First Amended Complaint without prejudice for failure to state a claim or order Plaintiffs to file a more definite statement so that Defendant will have a fair opportunity to defend this case. See Fed. R. Civ. P. 12(b)(6), (e).

**DISCUSSION**

I. **Plaintiffs' Motion**

   A. **Remand**

Defendant removed this case pursuant to 28 U.S.C. §§ 1331 and 1441(a). "Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citation and internal quotation marks omitted). In considering a motion to remand,

> "[a court] begin[s its] analysis with a fundamental tenet of federal jurisdiction – the 'well-pleaded complaint' rule." Sullivan v. First Affiliated Securities, Inc., 813 F.2d 1368, 1371 (9th Cir. 1987). The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court . . ." Franchise Tax Bd. of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983). Under this doctrine:
>
> > Whether a case is one arising under the Constitution or a law or treaty of the United States . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant might interpose.
>
> Taylor v. Anderson, 234 U.S. 74, 75-76, 34 S. Ct. 724, 58 L. Ed. 1218 (1914).

7

> Hence, our first task is to determine whether the face of [the plaintiff's] complaint contains any allegations that would render his cause of action one that "arises" under federal law. See Sparta Surgical Corp. v. National Assoc. of Securities Dealers, 159 F.3d 1209, 1211 (9th Cir. 1998) (we ordinarily determine the existence of a federal question from the face of plaintiff's complaint).

Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1039-40 (9th Cir. 2003) (some alterations in Lippitt).

> In the instant case, Count II alleges that:
>
> 41.  Some or all of Defendants are debt collectors who are subject to the Fair Debt Collections Practices Act ("FDCPA").
>
> . . . .
>
> 45.  Plaintiffs are consumers who are entitled to protection and **may sue for damages under the FDCPA** and HRS Chapter 480, including but not limited to HRS § 480-2 and HRS § 480-13.
>
> . . . .
>
> 47.  The AOAO is individually and/or vicariously liable for the violations of the aforesaid statutes committed by the other Defendants which are imputed to the AOAO.

[First Amended Complaint at pgs. 8-9 (some emphases omitted, bold emphasis added).] This Court acknowledges that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" Lippitt, 340 F.3d at 1040 (quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986)). However, this Court CONCLUDES that Count II, as it is

currently written, does more than merely raise a federal issue in a state cause of action.  Although it may not have been Plaintiffs' intent to do so, Count II alleges a cause of action that arises under the FDCPA – a federal law.

Thus, at a minimum, at the time of removal, there was federal question jurisdiction over Count II.  Even assuming, *arguendo*, that all of Plaintiffs' other claims were purely state law claims, there would have been supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).  This Court therefore CONCLUDES that removal was proper, and DENIES Plaintiffs' Motion.

    B.    **Certified Question**

Plaintiffs state that, if this case remains in federal court, they intend to request that this Court certify the following question to the Hawai`i Supreme Court – "whether homeowner associations were authorized to use Haw. Rev. Stat. § 667-5, the original nonjudicial foreclosure statute, before its repeal in 2012."  [Remand Reply at 2.]  This Court declines to construe the Remand Reply as a request to certify a question to the Hawai`i Supreme Court because the request is premature at this time and because Plaintiff must make this request in a proper motion instead of in a memorandum addressing another motion.  This Court emphasizes that it makes no rulings or inclinations at this time regarding the merits of the request to

certify a question.

**II. Defendant's Motion**

    **A. More Definite Statement**

This Court turns first to Defendant's argument that this Court should order Plaintiffs to file a more definite statement. See Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."). This district court has stated:

> "Motions for a more definite statement are viewed with disfavor, and are rarely granted." Cellars v. Pac. Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999). The proper test for evaluating a motion under Rule 12(e) is "whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." Id. "A motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail, and is only proper when a party is unable to determine how to frame a response to the issues raised by the complaint." Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). "Where the complaint is specific enough to [apprise] the responding party of the substance of the claim being asserted or where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied." U.S. E.E.O.C. v. Alia Corp., 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012).

Katz v. Am. Exp. Co., Civ. No. 14-00084 JMS-RLP, 2014 WL 6470595, at *5 (D. Hawai`i Nov. 18, 2014) (alteration in Katz).

Although the First Amended Complaint in the instant

case is not a model of clarity, this Court cannot find that it is unintelligible. This Court CONCLUDES that the First Amended Complaint is specific enough to apprise Defendant of the general substance of Plaintiffs' claims. Defendant's Motion is DENIED to the extent that it moves for a more definite statement.

### B. Failure to State a Claim

As noted in the analysis of Plaintiffs' Motion, Count II appears to allege, *inter alia*, a FDCPA claim. Similarly, Count I – which alleges that the Foreclosure was improper – appears to rely in part on alleged violations of the SMCRA. See First Amended Complaint at ¶ 32 ("Defendants conducted the Foreclosure sale without complying with all notice requirements, including but not limited to providing Plaintiffs with notice of the delinquency, that the lien was being foreclosed, of the Foreclosure, and/or the notices required by the Service Members' Civil Relief Act.); id. at ¶ 33 ("For their first claim for relief, Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 32, above." (emphasis omitted)). In addition, Count III – which arises from the state court action that Defendant allegedly filed to collect the same assessments that the Foreclosure was based upon – also appears to rely in part on the SMCRA. See id. at ¶ 52 ("Defendants knew or had reason to know that Plaintiffs are a military family that had been assigned to a location outside of

Hawai`i and would be unable to challenge . . . the Foreclosure[.]").

However, Plaintiffs deny that they are asserting any federal law claims, or even any federal law issues. See Mem. in Supp. of Motion at 5 ("All of these claims are based on state law and none are dependent on federal law."); id. at 2 (The claims in this case are not dependent on and do not require interpretation of any federal law."). Because it is unclear from the First Amended Complaint precisely what claims Plaintiffs are alleging in Counts I, II and III, this Court CONCLUDES that those counts fail to state plausible claims for relief. See Levitt v. Yelp! Inc., 765 F.3d 1123, 1135 (9th Cir. 2014) (stating that, in order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "factual allegations must suggest that the claim has at least a plausible chance of success" (alteration, citation, and internal quotation marks omitted)).

Unlike Counts I to III, Count IV – which alleges that Defendant has failed to properly apply excess income from the Apartment – is clearly based on Haw. Rev. Stat. § 514B-146(k). However, Plaintiffs have not pled sufficient factual allegations to support this claim. Plaintiffs merely allege that Defendant "has received rental income and/or the economic benefits of the Apartment since the Foreclosure." [First Amended Complaint at ¶ 31.] This Court therefore CONCLUDES that Count IV fails to

state a plausible claim for relief.

The dismissal of Counts I, II, III, and IV is WITHOUT PREJUDICE because this Court CONCLUDES that it is possible for Plaintiffs to cure the defects in their claims by amendment.  See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." (brackets, citation, and internal quotation marks omitted)).  The Motion is GRANTED insofar as all of Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Remand for Lack of Federal Jurisdiction and Attorney's Fees and Costs, filed February 1, 2016, is HEREBY DENIED, and Defendant's Motion to Dismiss or for More Definite Statement, filed February 1, 2016, is HEREBY GRANTED IN PART AND DENIED IN PART. Defendant's Motion is DENIED to the extent that it moves for a more definite statement, and it is GRANTED insofar as Plaintiffs' First Amended Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiffs may file a motion seeking leave to file a second amended complaint, which must be accompanied by the proposed amended complaint, in the format dictated by the Local Rules. Plaintiffs must file their motion for leave to file a second

amended complaint by no later than **August 19, 2016**. This Court CAUTIONS Plaintiffs that, if they fail to file their motion by **August 19, 2016**, or if the second amended complaint does not cure the defects identified in this Order, the claims that this Court dismissed without prejudice in the instant Order may be dismissed with prejudice.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, April 25, 2016.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**RUDY AKONI GALIMA, ET AL. VS. ASSOCIATION OF APARTMENT OWNERS OF PALM COURT, ET AL; CIVIL 16-00023 LEK-KSC; ORDER DENYING PLAINTIFFS' MOTION FOR REMAND FOR LACK OF FEDERAL JURISDICTION AND ATTORNEY'S FEES AND COSTS; AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT**