IMANAKA ASATO, LLLC

| | |
|---|---|
| STEVEN K. S. CHUNG | 1751 |
| CHANELLE M. C. FUJIMOTO | 8859 |
| MICHAEL L. IOSUA | 9851 |

745 Fort Street Mall, 17th Floor
Honolulu, Hawai`i 96813
Telephone No.:   (808) 521-9500
Facsimile No.:   (808) 541-9050

Attorneys for Plaintiffs
RUDY AKONI GALIMA and
ROXANA BEATRIZ GALIMA

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI`I

| | |
|---|---|
| RUDY AKONI GALIMA and ROXANA BEATRIZ GALIMA,<br><br>Plaintiffs,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF PALM COURT, by and through its Board of Directors; and BRYSON CHOW,<br><br>Defendants. | CIVIL NO. 16-00023 LEK-KSC<br>(Wrongful Foreclosure)<br><br>**SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

# COMPLAINT

Come Now Plaintiffs RUDY AKONI GALIMA and ROXANA BEATRIZ GALIMA by and through their undersigned counsel, and for a Second Amended Complaint against Defendant ASSOCIATION OF APARTMENT OWNERS OF PALM COURT, by and through its Board of Directors, and Defendant BRYSON CHOW, allege and aver follows:

## THE PARTIES

1. Plaintiff RUDY AKONI GALIMA ("RUDY") is a resident and citizen of the State of California and a member of the military service on active duty.

2. Plaintiff ROXANA BEATRIZ GALIMA ("ROXANA") is married to RUDY and is a resident and citizen of the State of California.

3. Defendant ASSOCIATION OF APARTMENT OWNERS OF PALM COURT ("AOAO") is the homeowner association organized, existing and functioning under the laws of the State of Hawai'i, including Chapters 514A and 514B of the *Hawai'i Revised Statutes* ("HRS"), as amended.

4. Defendant BRYSON CHOW ("ATTORNEY") is a citizen of and an attorney licensed by and practicing law in the State of Hawai'i.

## JURISDICTION

5. The Court has original jurisdiction over this action under 28 U.S.C. § 1331 based on the claims herein arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

6. The Court also has diversity jurisdiction over this action under 28 U.S.C. § 1332 as all plaintiffs are citizens of the State of California, all defendants are citizens of the State of Hawai'i and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

7. The Court also has supplemental jurisdiction over the state law claims raised in this action pursuant to 28 U.S.C. § 1367(a).

## FACTS APPLICABLE TO ALL CLAIMS

8. This action involves Unit No. 10-A (the "Apartment") of the Condominium Project known as Palm Court, Increment 1C ("Palm Court"), located in Ewa, Island of Oahu, State of Hawai'i.

9. AOAO is the homeowner association for Palm Court, which was created in or around 1990.

10. In or around March of 2006, while RUDY was stationed in Hawaii, RUDY and ROXANA (collectively, "PLAINTIFFS") purchased the Apartment for approximately Three Hundred Twelve Thousand Dollars ($312,000).

11. To purchase the Apartment, PLAINTIFFS obtained a loan in the amount of Two Hundred Forty-Nine Thousand Six Hundred Dollars ($249,600) secured by a first mortgage on the Apartment and a loan in the amount of Sixty-Two Thousand Four Hundred Dollars ($62,400) secured by a second mortgage on the Apartment.

12. In or around March of 2008, RUDY was reassigned to a duty station outside of Hawai'i and PLAINTIFFS engaged a real estate brokerage company to rent the Apartment.

13. The tenant failed to timely pay the rent and as a result PLAINTIFFS were unable to stay current with their financial obligations relating to the Apartment.

14. On or about April 10, 2010, AOAO recorded a lien on the Apartment in the amount of $6,882.86 for unpaid assessments.

15. PLAINTIFFS notified AOAO and ATTORNEY (collectively, "DEFENDANTS") that they were in the process of selling the Apartment and

requested a reasonable payment plan under which they could pay all amounts they owed.

16. PLAINTIFFS entered into a contract to sell the Apartment for less than its market value (the "Short Sale").

17. The Short Sale was acceptable to the lender holding the first mortgage, and PLAINTIFFS negotiated a settlement of and paid off the loan secured by the second mortgage.

18. Notwithstanding the above, DEFENDANTS gave notice that they would sell the Apartment at a public sale pursuant to Sections 514B-146 and 667-5 through 667-10, HRS, as amended (hereafter, "Part I"), and thereafter conducted the public sale on or about October 19, 2010.

19. AOAO submitted the winning bid for the Apartment and executed a quitclaim deed for the Apartment as both the grantor and grantee.

20. The quitclaim deed was recorded on November 9, 2010 and since that time AOAO has possessed, controlled and enjoyed the Apartment and all of its benefits.

21. As a result of the above, the Short Sale did not close and PLAINTIFFS lost the Apartment, but remain liable for the amounts secured by the first mortgage.

22. At the times relevant herein, the nonjudicial foreclosure or power of sale process that DEFENDANTS were required to use was the Alternate Power of Sale Foreclosure Process set forth in HRS §§ 667-21 through 667-42 (hereafter, "Part II").

23. Part II contains important consumer protections safeguards that are intended to provide homeowners like PLAINTIFFS reasonable time and opportunity to save their homes from foreclosure and to protect homeowners like PLAINTIFFS from oppressive collection practices.

24. Part I does not contain any consumer protection safeguards and, instead, is an expedited power of sale process which may only be used by a mortgagee holding a mortgage containing a power of sale.

25. DEFENDANTS did not hold a mortgage containing a power of sale.

26. DEFENDANTS conducted the public sale under Part I in order to circumvent the consumer protection provisions contained in Part II.

27. Had DEFENDANTS observed the consumer protection provisions contained in Part II, PLAINTIFFS would not have lost the APARTMENT.

28. DEFENDANTS fraudulently concealed the wrong they were committing by implying, stating and/or representing that they were authorized to conduct a nonjudicial foreclosure or public sale under Part I.

29. As members of the homeowner association, PLAINTIFFS were entitled to rely on and did rely on the statements and representations made by DEFENDANTS concerning DEFENDANTS' right to conduct a public sale under Part I.

30. PLAINTIFFS did not discover the claims against DEFENDANTS that they assert herein until sometime in December of 2015.

## COUNT I
### (Wrongful Foreclosure)

31. For their first claim for relief, PLAINTIFFS reallege and incorporate herein the allegations contained in Paragraphs 1 through 30, above.

32. PLAINTIFFS seek and request a judgment declaring that DEFENDANTS were not authorized to conduct a nonjudicial foreclosure under Part I and that the sale was unlawful and constituted a wrongful foreclosure.

33. PLAINTIFFS also seek and request recovery against DEFENDANTS for the wrongful foreclosure.

34. As a result of the wrongful foreclosure, DEFENDANTS stole, converted and/or wrongfully dispossessed PLAINTIFFS of the APARTMENT.

35. PLAINTIFFS seek damages and other relief for the wrongful foreclosure, to include actual, compensatory and punitive damages, together with attorney's fees and costs of court, and for such further and general relief to which they may be entitled.

## COUNT II

### (Violation of the Fair Debt Collection Practices Act)

36. For their second claim for relief, PLAINTIFFS reallege and incorporate herein the allegations contained in Paragraphs 1 through 35, above.

37. PLAINTIFFS seek and request recovery against ATTORNEY under the Fair Debt Collection Practices Act, 15 U.S.C.A. §§ 1692(f), *et seq.*

38. PLAINTIFFS are informed and believe and based on that information and belief allege that ATTORNEY was at the times relevant herein a debt collector who routinely demanded sums of money and attempted to collect said sums of money by sending letters and publishing notices falsely stating that ATTORNEY was authorized to use Part I to collect delinquent homeowner assessments.

39. The letters and notices were in violation of the Fair Debt Collection Practices Act, 15 U.S.C.A. §§ 1692(f), *et seq.*

40. PLAINTIFFS seek and respectfully request relief against ATTORNEY pursuant to the Fair Debt Collection Practices Act and the remedies available thereunder and for such further and general relief to which they may be entitled.

## COUNT III

### (Unfair or Deceptive Acts or Practices)

41. For their third claim for relief, PLAINTIFFS reallege and incorporate herein the allegations contained in Paragraphs 1 through 40, above.

42. PLAINTIFFS seek and request recovery against DEFENDANTS for unfair or deceptive acts or practices under HRS Chapter 480, including but not limited to HRS § 480-2.

43. The conduct of DEFENDANTS complained of herein was unfair or deceptive and violated HRS § 480-2.

44. PLAINTIFFS are consumers who have suffered actual losses including but not limited to the loss of the Apartment and its benefits as a result of the unfair or deceptive practices committed by DEFENDANTS.

45. In addition to its own direct liability for unfair or deceptive practices, AOAO is vicariously liable for the unfair or deceptive practices committed by ATTORNEY.

46. PLAINTIFFS seek and respectfully request relief against DEFENDANTS consisting of treble damages, costs and attorney's fees pursuant to HRS § 480-13 based on the unfair or deceptive practices committed by DEFENDANTS complained of above.

## COUNT IV
### (Fraud)

47. For their fourth claim for relief, PLAINTIFFS reallege and incorporate herein the allegations contained in Paragraphs 1 through 46, above.

48. PLAINTIFFS seek and respectfully request recovery against DEFENDANTS for fraud.

49. The nonjudicial foreclosure or power of sale process allowed under Part I was available only to a mortgagee holding a mortgage that contained a power of sale.

50. DEFENDANTS did not hold a mortgage containing a power of sale.

51. Notwithstanding the above, DEFENDANTS falsely represented that they were authorized to sell the Apartment at a public sale under Part I.

52. PLAINTIFFS relied on this representation and lost the Apartment as a result.

53. Based on the reliance, PLAINTIFFS have been damaged and respectfully request relief against DEFENDANTS consisting of actual and punitive damages.

## COUNT V

### (Mental Anguish and Emotional Distress)

54. For their fifth claim for relief, PLAINTIFFS reallege and incorporate herein the allegations contained in Paragraphs 1 through 53, above.

55. PLAINTIFFS seek and respectfully request recovery against DEFENDANTS for mental anguish and emotional distress.

56. PLAINTIFFS were diligently attempting to sell the Apartment in order to be able to pay all amounts they owed with respect to the Apartment, including the amounts owed to AOAO.

57. The loss of the Apartment took PLAINTIFFS by surprise.

58. PLAINTIFFS had repeatedly asked DEFENDANTS for a reasonable payment plan under which they could pay the amounts they owed and expected that DEFENDANTS would allow payment under such a plan.

59. Had DEFENDANTS observed the consumer protection provisions contained in Part II and allowed reasonable time for PLAINTIFFS to pay the amounts they owed, PLAINTIFFS would not have lost the Apartment.

60. Instead of allowing PLAINTIFFS reasonable time to pay the amounts they owed on the Apartment, DEFENDANTS deliberately, intentionally and wrongfully utilized the expedited power of sale process contained in Part I to strip the Apartment from PLAINTIFFS.

61. The loss of the Apartment in the manner that has occurred has damaged PLAINTIFFS' credit rating and RUDY's military career.

62.   The loss of the Apartment and damage to their credit rating and RUDY's military career has caused PLAINTIFFS to suffer mental anguish and emotional distress.

63.   PLAINTIFFS respectfully request relief against DEFENDANTS for emotional distress and mental anguish, to include compensatory and punitive damages, and such further and general relief to which they may be entitled.

WHEREFORE, PLAINTIFFS pray for judgment in their favor and against DEFENDANTS, jointly and severally, declaring that DEFENDANTS were not authorized to conduct a nonjudicial foreclosure under Part I and that the sale was unlawful and constituted a wrongful foreclosure, and for their actual losses, compensatory damages, treble damages, punitive damages, prejudgment interest and post judgment interest on all counts, costs of court, reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

DATED: Honolulu, Hawai`i, August 19, 2016.

/s/Steven K. S. Chung
STEVEN K. S. CHUNG
CHANELLE M. C. FUJIMOTO
MICHAEL L. IOSUA
Attorneys for Plaintiffs
RUDY AKONI GALIMA and
ROXANA BEATRIZ GALIMA

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI`I

| | |
|---|---|
| RUDY AKONI GALIMA and ROXANA BEATRIZ GALIMA,<br><br>          Plaintiffs,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF PALM COURT, by and through its Board of Directors; and BRYSON CHOW,<br><br>          Defendants. | CIVIL NO. 16-00023 LEK-KSC<br>(Wrongful Foreclosure)<br><br>**DEMAND FOR JURY TRIAL** |

## **DEMAND FOR JURY TRIAL**

Come Now Plaintiffs RUDY AKONI GALIMA and ROXANA BEATRIZ GALIMA, by and through their undersigned counsel, and request a trial by jury on all issues triable of right by jury in this action.  This demand is made pursuant to Rule 38 of the *Federal Rules of Civil Procedure*.

Dated:  Honolulu, Hawai`i, August 19, 2016.

                                           /s/ Steven K. S. Chung
                                           STEVEN K. S. CHUNG
                                           CHANELLE M. C. FUJIMOTO
                                           MICHAEL L. IOSUA
                                           Attorneys for Plaintiffs
                                           RUDY AKONI GALIMA and
                                           ROXANA BEATRIZ GALIMA