CADES SCHUTTE
A Limited Liability Law Partnership

PETER W. OLSON   3468-0
CHRISTOPHER T. GOODIN 8562-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4212
Telephone: (808) 521-9200
FAX: (808) 521-9210
Email: polson@cades.com

Attorneys for Defendant
BRYSON CHOW

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RUDY AKONI GALIMA and ROXANA BEATRIZ GALIMA,<br><br>   Plaintiffs,<br><br>  v.<br><br>ASSOCIATION OF APARTMENT OWNERS OF PALM COURT, by and through its Board of Directors; and BRYSON CHOW,<br><br>   Defendants. | CASE NO. 16-CV-00023 LEK-KSC<br><br>**DEFENDANT BRYSON CHOW'S SUPPLEMENTAL MEMORANDUM REGARDING (1) SUPPLEMENTAL EXHIBITS AND (2) THE *HUNGATE* DECISION; CERTIFICATE OF SERVICE**<br><br>**Related to Dkt. 56, 63, & 73** |

**DEFENDANT BRYSON CHOW'S SUPPLEMENTAL MEMORANDUM REGARDING (1) SUPPLEMENTAL EXHIBITS AND (2) THE *HUNGATE* DECISION**

Pursuant to the Court's Order filed February 28, 2017 (Dkt. 73),

Defendant Bryson Chow ("**Chow**") submits this supplemental memorandum. In

the discussion below, Chow explains why the exhibits submitted by the

Association of Apartment Owners of Palm Court's (the "**Association**") (Dkt. 74) and *Hungate v. Law Office of David B. Rosen*, SCAP-13-0005234 (Haw. Feb. 27, 2017), further support the dismissal of Plaintiffs' claims in this action.

**1. Exhibits.** Chow's Motion to Dismiss (Dkt. 56) argued that all of Plaintiffs' claims failed as a matter of law as they were premised on the flawed allegation that Defendants improperly utilized part I of Hawai'i Revised Statutes ("**HRS**") chapter 667 to conduct a non-judicial foreclosure.

As shown in the Association's submission of exhibits (Dkt. 74), Circuit Judge Rhonda A. Nishimura rejected the same allegation in *Malabe v. AOAO of Executive Centre*, Civil No. 16-1-2256-12 RAN (Haw. 1st Cir. Ct.). Specifically, Judge Nishimura dismissed the claim that an association was not allowed to use the non-judicial foreclosure process set forth in part I of HRS chapter 667, but could instead only use part II of chapter 667. *See* Dkt. 74-2 ¶¶ 12-14, 33 (complaint); Dkt. 74-3 (order). Similar to the complaint here, the complaint in *Malabe* asserted claims of wrongful foreclosure and unfair or deceptive acts or practices ("**UDAP**"). Dkt. 74-2 ¶¶ 32-44 (complaint); Dkt. 74-3 (order). Judge Nishimura's decision, and the similar ruling made previously by First Circuit Court Judge Gary Chang in the *Valencia* case (Dkt. 56-5 (order)), provide persuasive authority for dismissal of Plaintiffs' claims in this action.

**2. *Hungate*.** Chow's Motion to Dismiss also asserted that Plaintiffs' state law claims for declaratory relief, wrongful foreclosure, and UDAP must be dismissed under the rule limiting attorney liability. Plaintiffs' claims are premised on the allegation that Chow and the Association improperly used part I of HRS chapter 667 because the Association did not hold a mortgage containing a power of sale. Dkt. 34 ¶¶ 18, 24, 26. According to Plaintiffs, this requirement of holding a mortgage containing a power of sale was set forth in HRS § 667-5, which stated in part: "When a power of sale is contained in a mortgage, the mortgagee …." HRS § 667-5.

Dismissal of the claims for declaratory relief, wrongful foreclosure, and UDAP claims is compelled by the Hawai'i Supreme Court's recent decision in *Hungate*, Slip Op. *available at* http://www.courts.state.hi.us/wp-content/uploads/2017/02/SCAP-13-0005234.pdf. In that decision, the Hawai'i Supreme Court rejected a claim against the mortgagee's attorney for violations of HRS § 667-5 in the non-judicial foreclosure process. The court broadly applied the rule limiting attorney liability, explaining that "a duty imposed on an attorney in favor of an adversary of the attorney's client poses an unacceptable conflict of interest," and that, "absent special circumstances, attorneys owe no duty of care to non-clients." *Hungate*, Slip Op. at 21. In this context, the court framed the issue as "whether the requirements of former HRS § 667-5 … impose duties that may be

enforced against the attorney of a foreclosing mortgagee under a private right of action." *Id.* Analyzing whether a right-of-action existed in favor of the plaintiff, the court held that "recognizing a cause of action [against the foreclosing party's attorney] based upon former HRS § 667-5 is not warranted." *Hungate*, Slip Op. at 21, 27; *see also id.* at 23 ("[W]e hold that [HRS § 667-5] did not create a cause of action against attorneys who fail to follow its requirements").

This holding is dispositive here, where Plaintiffs claim that Chow (on behalf of his client) improperly used HRS § 667-5 to conduct a non-judicial foreclosure in the absence of a mortgage containing a power of sale. Even if Plaintiffs' interpretation of the statute was correct—it is not—Plaintiffs have no private right of action to assert this claim against Chow. Therefore, Plaintiffs' claims for declaratory relief and wrongful foreclosure should be dismissed.[1]

---

[1] Plaintiffs do not claim that Chow or the Association actually used part II and then violated its requirements. *See* Dkt. 34. Such a claim would fail as a matter of law pursuant to HRS §§ 667-34 and -35. If part II had been utilized, those sections would have established a conclusive presumption that a non-judicial foreclosure performed under part II was conducted in a "legal, fair, and reasonable manner," unless the sale was appealed to circuit court within 30 days of the recording of the affidavit of sale. There is no allegation here that Plaintiffs appealed to circuit court within 30 days of the recording of the affidavit of sale on November 4, 2010. Dkt. 56-3 at 1 (affidavit of sale).

Apart from being untimely, a claim under part II is not cognizable against the foreclosing party's attorney under the right-of-action analysis in *Hungate*. Neither the language of part II nor its legislative history evidence an intent to grant a cause of action against the foreclosing party's attorney—and certainly no intent to create any cause of action against any party beyond the 30-day appeal period. Further, in

Plaintiffs' UDAP claims must likewise be dismissed under *Hungate*. As to the UDAP claims asserted in that case, the supreme court applied the rule limiting attorney liability and held that "in foreclosure actions an attorney's justifiable concern with being sued by the opposing party for UDAP could compromise the attorney's ability to zealously represent his or her client." *Hungate*, Slip Op. at 44. Accordingly, the court "decline[d] to recognize a UDAP claim against [the attorney] by [the borrower] under HRS § 480-2 in the instant foreclosure action." *Id.* Thus, under *Hungate*, Plaintiffs' UDAP claims against Chow should be dismissed.

DATED: Honolulu, Hawaii, March 15, 2017.

CADES SCHUTTE LLP

/s/ Peter W. Olson
PETER W. OLSON
CHRISTOPHER T. GOODIN
Attorneys for Defendant
BRYSON CHOW

---

*Hungate*, the court explained that part I (specifically section 667-5) required the foreclosing party's attorney to give notice of the mortgagee's intention to foreclose and of the sale and to do all acts authorized or required by the power of sale. *Hungate*, Slip Op. at 22. Despite those requirements, the court concluded that there was no right of action against the foreclosing party's attorney. *Id.* at 23. By contrast, part II requires even less involvement by the foreclosing party's attorney. At the time of the foreclosure at issue here, part II (specifically HRS § 667-22) merely required that the notice of sale state the contact information of the foreclosing party's Hawaii-licensed attorney. *See* HRS § 667-22(a)(9). Accordingly, part II did not grant a right of action against the foreclosing party's attorney.