IMANAKA ASATO, LLLC

| | |
|---|---|
| STEVEN K. S. CHUNG | 1751 |
| CHANELLE M. C. FUJIMOTO | 8859 |
| MICHAEL L. IOSUA | 9851 |

745 Fort Street Mall, 17th Floor
Honolulu, Hawai`i 96813
Telephone No.:   (808) 521-9500
Facsimile No.:    (808) 541-9050

Attorneys for Plaintiffs
RUDY AKONI GALIMA and
ROXANA BEATRIZ GALIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RUDY AKONI GALIMA and ROXANA BEATRIZ GALIMA,<br><br>Plaintiffs,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF PALM COURT, by and through its Board of Directors; and BRYSON CHOW,<br><br>Defendants. | CIVIL NO. 16-00023 LEK-KSC<br><br>**PLAINTIFFS RUDY AKONI GALIMA and ROXANA BEATRIZ GALIMA'S SUPPLEMENTAL MEMORANDUM ADDRESSING ASSOCIATION OF APARTMENT OWNERS OF PALM COURT'S SUPPLEMENTAL EXHIBITS AND *HUNGATE V. THE LAW OFFICE OF DAVID B. ROSEN*; CERTIFICATE OF SERVICE**<br><br>**Hearing**<br>Date:  December 5, 2016<br>Time: 9:45 a.m.<br>Judge: Hon. Leslie E. Kobayashi<br><br>Trial Judge: Hon. Leslie E. Kobayashi<br>Trial Date:  March 21, 2017<br><br>Related to Doc. Nos. 73 & 74 |

**PLAINTIFFS RUDY AKONI GALIMA AND ROXANA BEATRIZ GALIMA'S SUPPLEMENTAL MEMORANDUM ADDRESSING THE ASSOCIATION OF APARTMENT OWNERS OF PALM COURT'S SUPPLEMENTAL EXHIBITS AND *HUNGATE V. THE LAW OFFICE OF DAVID B. ROSEN***

## I. INTRODUCTION

There are three reasons why the state circuit court's ruling in *Gilbert V. Malabe, et al., v. Association of Apartment Owners of Executive Centre*, Civil No. 16-1-2256-12, has no persuasive value.  First, the court used a standard briefing schedule which did not provide sufficient time for the court to analyze the purpose and legislative intent of the relevant statutes.  Second, the court erroneously accepted the Malabe defendants' argument that the phrase "nonjudicial or power of sale foreclosure" refers to two, separate forms of foreclosure.  Finally, the ruling was made prior to the Supreme Court's decision in *Hungate v. Rosen*, SCAP-13-0005234 (Haw. Sup. Ct. 2017) ("*Hungate*"), which contradicts the *Malabe* decision.

## II. ARGUMENT

### A. The *Malabe* Court Failed to Review the Legislative History of the Statutes at Issue.

The judge in *Malabe* did not have sufficient time to fully review the legislative history of the statutes at issue.  Plaintiffs' brief in opposition to the defendant's motion to dismiss in *Malabe* was filed a week before the hearing on the motion, and instead of taking the matter under advisement to review the legislative history, the court granted the motion at the hearing.  That was imprudent for in *Malabe,* the plaintiffs and defendants had provided differing but reasonable interpretations of HRS §667-5 and §514B-146, demonstrating that the statutes are

ambiguous.[1] In order to resolve the ambiguity, the *Malabe* court should have reviewed the legislative history of the statutes to discern the legislative intent.[2] Instead of doing that, the judge in *Malabe* ruled without first ascertaining whether granting the motion comported with the legislative intent of these statutes.

### B. Defendants' Statutory Interpretation Is Incorrect

The *Malabe* defendants erroneously argued that HRS §514B-146 provides homeowner associations with three methods of foreclosure, namely "nonjudicial, judicial, and power of sale."[3] However, both HRS §667-5 and HRS §667-22 are "nonjudicial or power of sale" processes, and there are actually only two methods of foreclosure, namely judicial or nonjudicial.[4] HRS §514B-146, thus, merely allows an association to foreclose judicially or nonjudicially, and does not in any way authorize the use of HRS §667-5. The court in the present case should not endorse this erroneous parsing of the phrase "nonjudicial or power of sale foreclosure."

### C. *Hungate* Suggests that the *Malabe* Decision is Wrong

Defendants argued and the court in *Malabe* agreed that a homeowner association does not need to hold a mortgage containing a power of sale to use HRS §667-5 and that homeowners are not consumers. In *Hungate*, however, the Supreme Court said that HRS §667-5 existed "to ensure that where a power of sale clause is included in the mortgage, interested parties be able to request and timely receive information." *Hungate* Opinion at 20. *Hungate* clarifies that HRS §667-

---

[1] A statute is ambiguous "if it is capable of being understood by reasonably well-informed people in two or more different senses." *State v. Toyomura*, 80 Haw. 8, 19, 904 P.2d 893, 904 (Haw. 1995).
[2] HRS §1-15.
[3] *See*, AOAO's Exhibit E in Support of Its Amended Motion to Dismiss Second Amended Complaint ("*Malabe* Decision"), p. 7:16-17.
[4] NONJUDICIAL FORECLOSURE, Ballentine's Law Dictionary (3d ed. 1998).

5's purpose requires a mortgage with a power of sale and the *Malabe* court erred in determining that the association's lack of a power of sale is a "red herring." *Malabe Decision* at 27:11-12. *Hungate* also establishes that a purchaser of residential property is a consumer for the purposes of HRS §480-2, and foreclosure proceedings can constitute trade or commerce. *Hungate* Opinion at 35-36. In light of *Hungate* and the failure of the *Malabe* court to review the legislative history of the statutes at issue, this court should conclude that the *Malabe* case does not have persuasive value.

      i. ***Hungate* does not address the FDCPA Claim in this Case.**

Plaintiffs grant that *Hungate* holds that attorneys are not liable under Chapter 480 for wrongful foreclosures, however, the attorneys' motion to dismiss in the present case should still be denied because plaintiffs here assert a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA"). *Hungate* did not involve such a claim. Here, plaintiffs have a viable claim against the attorney defendant under the FDCPA because he was acting as a representative of the defendant association and responsible for demanding payment from plaintiffs and wrongfully conducting the nonjudicial foreclosure under HRS § 667-5. In *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984 (9th Cir. 2017), the court of appeals held that a law firm acting on behalf of a homeowner association to collect overdue association fees is a "debt collector." *Id.* at 990. Pursuant to *Mashiri*, the attorney defendant in this case may have liability under the FDCPA and his motion to dismiss should be denied.

      ii. ***Hungate* supports Plaintiffs' interpretation of HRS § 667-5.**

*Hungate* provides substantial support for plaintiffs' argument that a creditor using HRS §667-5 must hold a mortgage with a power of sale. The Supreme Court said in that case that "the legislature's purpose in enacting HRS §667-5 was to ensure that where a **power of sale clause is included in the mortgage,** interested

3

parties be able to request and timely receive information." *Hungate* at 20.  This echoes *Santiago v. Tanaka*, where the Supreme Court held that HRS §667-5 authorizes foreclosures "only [w]hen a power of sale is contained in a mortgage" and "does not provide the nonjudicial power of foreclosure but only allows for its creation…" 137 Haw. 137, 154-55, 366 P.3d 612, 630-31 (Haw. 2015).  It also reinforces *Lee v. HSBC Bank*, where the Supreme Court held that a mortgagee using HRS §667-5 must have a power of sale which *also* complies with HRS section 667-5, because "[w]ithout such compliance, the mortgagee has no legal authority" to foreclose.  121 Haw. 287, 292, 218 P.3d 775, 780 (2009).  *Hungate* holds that HRS §667-5 exists to protect mortgagors by allowing them to request and receive information when a power of sale clause is included in a mortgage, setting "additional burdens on the mortgagee to protect the mortgagor." *Hungate* Opinion at 20 and 25.  Interpreting HRS §667-5 to allow a homeowner association to foreclose on a lien for unpaid assessments, despite lacking a power of sale, is contrary to both the language and purpose of the statute.

      As HRS §667-5 is intended to provide "additional burdens" on foreclosing parties to protect homeowners, a court should interpret the statute in a manner that "poses no constitutional question." *Gomez v. United States*, 490 U.S. 858, 864 (U.S. 1989).  In *Malabe* and this case, defendants' interpretation fails this test.  If a homeowner association uses HRS §667-5 to foreclose but does not hold a mortgage containing a power of sale, there is no required notice of default or notice of right to cure provision that has to be followed and the homeowner does not receive adequate notice of the sale of his home, much less the notice that HRS §667-5 contemplates.  A state, however, "may not authorize the deprivation of [a property] right without appropriate procedural safeguards." *Scott v. O'Grady*, 760 F. Supp. 1288, 1297 fn.6 (N.D. Ill. 1991) (*citing Cleveland Board of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985)).  Thus, a court sanctioning the use of HRS §

4

667-5 by a homeowner association results in a violation of the homeowner's constitutional rights, including the right to due process. *Scott*, 760 F. Supp. at 1297. *See* also *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 296 (U.S. 2001) (Significantly encouraging the use of HRS §667-5, which is faster and easier to comply with than HRS §667-22, constitutes state action). Rather than allowing associations to violate homeowner's rights, this court should rule that associations were not entitled to use HRS §667-5.

Finally, Defendants have also repeatedly argued that Hawaii does not recognize a cause of action for wrongful foreclosure in this case. *Hungate* demonstrates that this is false, as the court explicitly holds that "the mortgagor can protect its interests through filing a claim against the mortgagee for wrongful foreclosure." *Hungate* Opinion at 27 (*citing Santiago*, 137 Haw. at 158-59).

### III.  CONCLUSION

The *Malabe* decision was erroneously decided and this is demonstrated by *Hungate*, which establishes that there was no intent for HRS §667-5 to be usable by associations, that HRS §667-5 is and should be interpreted as a consumer protection statute, and that a foreclosing creditor has common law duties to a homeowner to ensure that the nonjudicial foreclosure is conducted properly to provide an adequate price. For these reasons, *Hungate* substantially bolsters plaintiffs' arguments in this case against the association for wrongful foreclosure.

Dated:  Honolulu, Hawaii, March 15, 2017.

          /s/ Steven K. S. Chung
          STEVEN K. S. CHUNG
          MICHAEL L. IOSUA
          CHANELLE M. C. FUJIMOTO
          Attorneys for Plaintiffs
          RUDY AKONI GALIMA and
          ROXANA BEATRIZ GALIMA