```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

RUDY AKONI GALIMA and ROXANA    )    CIVIL 16-00023 LEK-KSC
BEATRIZ GALIMA,                 )
                                )
          Plaintiffs,           )
                                )
     vs.                        )
                                )
ASSOCIATION OF APARTMENT        )
OWNERS OF PALM COURT, by and    )
through its Board of            )
Directors; DOE DEFENDANTS 1-    )
10,                             )
                                )
          Defendants.           )
_____ )
```

**ORDER DENYING DEFENDANT BRYSON CHOW'S MOTION TO STAY PROCEEDINGS**

Before the Court is Defendant Bryson Chow's ("Chow") Motion to Stay Proceedings ("Motion"), filed on November 3, 2017. [Dkt. no. 93.] Plaintiffs Rudy Akoni Galima and Roxana Beatriz Galima ("Plaintiffs") filed their memorandum in opposition on January 30, 2018, and Chow filed his reply on April 16, 2018. [Dkt. nos. 127, 137.] This matter came on for hearing on April 30, 2018. On May 4, 2018, this Court issued an entering order ruling on the Motion. [Dkt. no. 139.] The instant Order supersedes that entering order. Chow's Motion is hereby denied for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background is set forth in this Court's March 30, 2017 Order Denying Defendant Association of Apartment Owners of Palm Court's Amended Motion to

Dismiss Second Amended Complaint [Dkt 34]; and Granting in Part and Denying in Part Defendant Bryson Chow's Motion to Dismiss [Dkt. 34] Second Amended Complaint ("3/30/17 Order"). [Dkt. no. 79.[1]]

Plaintiffs originally filed this case in state court, and Defendant Association of Apartment Owners of Palm Court, by and through its Board of Directors ("AOAO"), removed it on January 22, 2016 because of Plaintiffs' claim under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and because of issues related to Plaintiff Rudy Akoni Galima's military service. [Notice of Removal at ¶ 3; id., Decl. of David R. Major, Exh. A (First Amended Complaint, filed 1/15/16).]

The instant case challenges the AOAO's foreclosure on Plaintiff's unit in the condominium project known as Palm Court, Increment IC ("the Unit") and raises the issue of whether the version of Haw. Rev. Stat. § 514B-146(a) that was in effect at the time of the challenged foreclosure allowed a condominium association to use either Haw. Rev. Stat. Chapter 667, Part I or Part II,[2] regardless of whether the association had an agreement

---

[1] The 3/30/17 Order is also available at 2017 WL 1240181.

[2] During the relevant period, Chapter 667, Part consisted of §§ 667-5 to 667-10. Sections 667-5, 667-5.7, 667-6, 667-7, and 667-8, which were in effect in 2010, were repealed in 2012. 2012 Sess. Law. Act 182, §§ 50-54. Act 182 also added a new § 667-1, setting forth the chapter's definitions, and made § 667-1 the only statute in the current Part I of Chapter 667. Id. at § 3.
(continued...)

2

with the condominium owner which contained a power of sale provision. In the 3/30/17 Order, this Court stated:

> Having examined the relevant statutes, their legislative history, and instructive case law regarding the foreclosure of mortgages, this Court PREDICTS that the Hawai`i Supreme Court would reject Defendants' proposed interpretation of § 514B-146(a) (2010) and would agree with Plaintiffs' proposed interpretation. Thus, this Court CONCLUDES that, because § 514B-146(a) (2010) required a condominium association to foreclose upon its lien "in like manner as a mortgage of real property," an association could only use the Chapter 667, Part I foreclosure procedure if it had an agreement with the condominium owner providing for a power of sale. . . .

2017 WL 1240181, at *9 (emphasis in original). This Court ultimately concluded all of Plaintiffs' counts against the AOAO, as well as Plaintiffs' count against Chow alleging FDCPA violations, stated plausible claims for relief.[3] Id. at *21.

After the filing of the 3/30/17 Order, the magistrate judge granted Plaintiffs leave to file a third amended complaint. [Minutes, filed 5/17/17 (dkt. no. 87).] Plaintiffs filed their

---

[2] (...continued)
All references to "Chapter 667, Part I" in the instant Order refer to the version of Part I in effect at the time of the nonjudicial foreclosure of Plaintiffs' Unit.

[3] Plaintiffs' claims against the AOAO were: wrongful foreclosure; unfair or deceptive acts or practices ("UDAP") under Haw. Rev. Stat. § 480-2; fraud; and intentional infliction of emotional distress ("IIED"). 3/30/17 Order, 2017 WL 1240181, at *3. Plaintiffs also alleged these claims against Chow, but the claims were dismissed with prejudice. Id. at *3, *21. The counts that this Court ruled stated plausible claims for relief are realleged in Plaintiffs' Third Amended Complaint.

3

Third Amended Complaint on May 22, 2017. [Dkt. no. 88.] The AOAO and Chow each filed an answer to the Third Amended Complaint on June 5, 2017. [Dkt. nos. 89, 90.]

In the instant Motion, Chow asks this Court to stay the instant case pending the outcome of the appeal in <u>Malabe v. Association of Apartment Owners of Executive Centre</u>, Civil No. 16-1-2256-12 RAN, which is currently pending before the Hawai`i Intermediate Court of Appeals ("ICA"). Gilbert V. Malabe and Daisy D. Malabe ("the Malabes") filed their Complaint ("Malabe Complaint") in a state circuit court on December 13, 2016. The Malabes alleged a wrongful foreclosure claim and a UDAP claim against the Association of Apartment Owners of Executive Centre, by and through its Board of Directors ("Executive Centre AOAO"). [Motion, Decl. of Peter W. Olson ("Olson Decl."), Exh. 1 (Malabe Complaint).] The Malabes are represented by the same law firm that is local counsel for Plaintiffs. <u>See</u> <u>id.</u> at 1. According to Chow, the Malabes "asserted, as the Galimas assert in this case, that the AOAO did not hold a mortgage with a power of sale and, thus, were prohibited from utilizing [Chapter 667,] Part I." [Motion at 1 (citing Malabe Complaint at ¶¶ 12, 13, 27, 33).] The Executive Centre AOAO moved to dismiss the Malabe Complaint, arguing, *inter alia*, that it properly foreclosed on the Malabes' unit pursuant to Chapter 667, Part I. [Olson Decl., Exh. 2 (Executive Centre

4

AOAO's motion to dismiss, filed 1/11/17 ("Executive Centre Motion to Dismiss")), mem. in supp. at 5-7.] On February 17, 2017, the state court granted the Executive Centre Motion to Dismiss, dismissed the Malabe Complaint with prejudice, and entered a final judgment. [Id., Exh. 3 (order granting motion), Exh. 4 (judgment).]

The Malabes filed an appeal. [Id., Exh. 5 (Notice of Appeal, filed with the ICA on 3/9/17 and filed in the state circuit court on 3/16/17).] The appeal has been fully briefed.[4] [Id., Exh. 8 (Malabes' Opening Brief, filed 5/30/17), Exh. 9 (Executive Centre AOAO's Answering Brief, filed 8/9/17), Exh. 10 (Malabes' Reply Brief, filed 8/22/17).] The Malabes' counsel identified the following as related cases to the Malabe appeal: the instant case; Brown, et al. v. Porter, McGuire, Kiakona & Chow, LLP, et al., CV 16-00448 LEK-KSC;[5] and three other state court actions. [Id., Exh. 11 (Statement of Related Cases, filed

---

[4] One of the defense counsel present at the April 30, 2018 hearing on Chow's Motion – who also represents the Executive Centre AOAO in Malabe – stated the Malabe appeal has been assigned to an ICA panel, but the parties were still waiting for an oral argument date. According to the case's docket sheet on the Judiciary Information Management System, there has been no change in the Malabe appeal docket since the April 30, 2018 hearing.

[5] On November 3, 2017, the magistrate judge issued an order severing Plaintiff Benita J. Brown's claims – which are now in CV 17-00554 LEK-KSC – from Plaintiffs Craig Connelly and Kristine Connelly's claims – which remain in CV 16-00448 LEK-KSC. [Connelly, dkt. no. 106.]

5

5/30/17).] The Malabes argued the "central issue in th[e] case is whether [the Executive Centre AOAO] committed a wrongful foreclosure by using Part I of Chapter 667 . . . instead of the alternate nonjudicial foreclosure process contained in Part II to foreclose its lien for unpaid common expenses." [Id., Exh. 8 at 1.]

Chow argues a stay of the instant case pending the resolution of the Malabe appeal is necessary to "avoid inconsistent decisions on a controlling question of state law" and to "conserve the Court and the parties' resources." [Motion at 2.] Further, he contends a stay "would promote the comprehensive disposition of litigation." [Id.]

## **DISCUSSION**

Chow argues a stay is warranted under the doctrine established by Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), and its progeny. However, this Court concludes the more appropriate analysis is whether this Court should stay the instant case under its inherent authority. Thus, the following standard applies to the Motion:

> "[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

> When a stay is requested because of pending proceedings that bear on the case, the Court may grant a stay in the interests of the efficiency of its own docket and fairness to the parties. See Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979). The Ninth Circuit set out the following framework for analyzing motions to stay pending resolution of related matters:
>
>> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.
>
> Lockyer [v. Mirant Corp.], 398 F.3d [1098,] 1110 (9th Cir. 2005) (quoting CMAX, 300 F.2d at 268). See also Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066-67 (9th Cir. 2007) (In determining the propriety of a stay, courts consider the possible effects of judicial economy as well as the potential harm to the parties and the public interest.)[.]
>
> The party seeking to stay the proceedings carries "the burden of establishing its need." Clinton [v. Jones], 520 U.S. [681,] 708 [(1997)] (citing Landis, 299 U.S. at 255).

Grindling v. Shibao, CV. NO. 16-00426 DKW-RLP, 2017 WL 2661630, at *1-2 (D. Hawai`i June 20, 2017) (some alterations in Grindling) (some citations omitted).

This Court recognizes the Malabe appeal raises the same legal issue that is at the core of the instant case: whether a condominium association – without a mortgage or other agreement

7

containing a power of sale provision – could use the former Chapter 667, Part I to foreclose upon a lien for unpaid condominium assessments. While the cases are not identical – for example, Malabe does not involve a FDCPA claim – they have significant similarities, and therefore staying the instant case until the Malabe appeal is resolved is likely to simplify the "issues, proof, and questions of law" in the instant case. See Lockyer, 398 F.3d at 1110. Requiring the parties to proceed with the instant case without the state appellate courts' guidance in Malabe is arguably inefficient and may lead to unnecessary proceedings, if the state court's ruling in Malabe is affirmed. Thus, Chow may be prejudiced without a stay because he may be required to spend unnecessary time and resources in this case.

However, Plaintiffs filed the instant case over two years ago. Trial is currently scheduled for July 9, 2019. [Third Amended Rule 16 Scheduling Order, filed 5/14/18 (dkt. no. 144), at 1.] Staying the case pending the resolution of the Malabe appeal will significantly delay the trial of Plaintiffs' claims. Although the Malabes filed their notice of appeal in March 2017 and the briefing in Malabe was completed in August 2017, the appeal has not yet been scheduled for oral argument.[6] Further, even after the ICA issues its opinion, it is

---

[6] The Malabes could have applied to have their appeal transferred to the Hawai`i Supreme Court, see, e.g., Stores v.
(continued...)

a virtual certainty that at least one party will apply for a writ of certiorari from the Hawai`i Supreme Court. If the supreme court accepts the application, there will be further briefing, and a substantial amount of time will pass before the supreme court issues its opinion. Thus, the Malabe appeal may not be resolved until as much as another three and half or four years from today. See, e.g., Pasco v. Bd. of Trs. of the Emps.' Ret. Sys., SCWC-13-0003629, 2018 WL 2322986, at *4 (Hawai`i May 22, 2018) (notice of appeal filed on September 27, 2013 and the ICA opinion issued was issued June 17, 2016); Nakamoto v. Kawauchi, No. SCWC-13-0004947, 2018 WL 2111228, at *6 (Hawai`i May 8, 2018) (circuit court judgment entered on October 3, 2013), *affirming in part and vacating in part*, NO. CAAP-13-0004947, 2017 WL 986008 (Hawai`i Ct. App. Mar. 15, 2017). Granting a stay pending the resolution of the Malabe appeal could result in a 2022 or 2023 trial date in the instant case. This would be prejudicial to Plaintiffs because witnesses and other evidence may be unavailable or less reliable because of the passage of time,

---

⁶ (...continued)
State Dep't of Taxation, SCAP-15-0000861, 2018 WL 2275077, at *5 (Hawai`i May 18, 2018) (noting the supreme court accepted the appellant's application for transfer), but the Malabes apparently did not do so.

particularly because the majority of the events at issue in this case occurred in 2010.[7]

This Court finds there is prejudice on both sides of Chow's Motion. Plaintiffs will likely be prejudiced if this Court grants a stay; and Chow and the AOAO – which is arguably similarly situated to Chow – will likely be prejudiced if this Court does not grant the stay. In addition, the interests of judicial economy weigh in favor of a stay because of the significant overlapping issues between the instant case and Malabe. Finally, this Court finds that the public interest is neutral. The public has an interest in seeing a resolution to the issue of when condominium associations could use the former Chapter 667, Part I. However, that interest is limited because many of the statutes that were within the former Part I – including Haw. Rev. Stat. § 667-5, which the AOAO relied upon in the foreclosure of Plaintiffs' Unit – have been repealed. See 2012 Haw. Sess. Laws Act 182, §§ 50-54.

Plaintiffs' prejudice concerns harm to their ability to present their case, whereas Defendants' prejudice concerns primarily the preservation of money. In the exercise of its

---

[7] The Court acknowledges it was Plaintiffs' decision to file this case in 2016, over five years after the foreclosure on their Unit, and that fact may have contributed to any unavailability of evidence. However, this Order is only concerned with the fact that it will be more difficult for Plaintiffs to prove their case in 2022 or 2023 than it would be in 2019.

discretion, this Court concludes Defendants' interests and the interests of judicial economy must yield to Plaintiffs' interests.  A stay pending the resolution of the Malabe appeal is not warranted at this time.  Chow's Motion is therefore denied.

Any party may file a new motion for a stay, if there is a significant change in the status of the Malabe appeal, including, but not limited to, the issuance of an ICA opinion or a decision by the Hawai`i Supreme Court to consider Malabe after transfer.  This Court expresses no inclination as to how it would rule on a new motion for stay.

## **CONCLUSION**

On the basis of the foregoing, Defendant Bryson Chow's Motion to Stay Proceedings, filed November 3, 2017, is HEREBY DENIED WITHOUT PREJUDICE to the filing of a new motion to stay under the circumstances described in this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 8, 2018.



　　　　　　　　　　　　　　　 /s/ Leslie E. Kobayashi
　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　United States District Judge

**RUDY AKONI GALIMA, ET AL. VS. AOAO PALM COURT, ET AL; CV 16-00023 LEK-KSC; ORDER DENYING DEFENDANT BRYSON CHOW'S MOTION TO SAY PROCEEDINGS**