# MINUTES

| | |
|---|---|
| CASE NUMBER: | CV 16-00023LEK-KSC |
| CASE NAME: | Rudy Akoni Galima, et al. vs. Association of Apartment Owners of Palm Court, et al. |
| ATTYS FOR PLA: | |
| ATTYS FOR DEFT: | |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 07/31/2018 | TIME: | |

COURT ACTION: EO:

COURT'S RULINGS ON THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT

 Before the Court are: Plaintiffs Rudy Akoni Galima and Roxana Beatriz Galima's ("Plaintiffs") Motion for Partial Summary Judgment on Counts I and II (Wrongful Foreclosure and Violation of the Fair Debt Collection Practices Act) ("Plaintiffs' Motion"), filed on January 19, 2018; the Motion for Summary Judgment filed by Defendant Association of Apartment Owners of Palm Court, by and through its Board of Directors ("AOAO" and "AOAO Motion"), on January 24, 2018; and Defendant Bryson Chow's ("Chow") Motion for Summary Judgment Regarding the Fair Debt Collection Practices Claim in Count II of the Third Amended Complaint [Dkt. 88] ("Chow Motion"), also filed on January 24, 2018. [Dkt. nos. 115, 117, 118.] These matters came on for hearing on June 4, 2018. The Court hereby informs the parties of its rulings on the motions.

## I. Continuance Requests

 The AOAO Motion includes a request for a Fed. R. Civ. P. 56(d) continuance. [Mem. in Opp. to Pltfs.' Motion at 25-27.] The AOAO asserts a continuance is warranted based on a lack of "exhaustive discovery" because the AOAO anticipated that the motion to stay would be granted. [AOAO's Response to Pltfs.' Concise Statement Re: Pltfs.' Motion ("AOAO Responsive CSOF"), filed 5/14/18 (dkt. no. 146), Decl. of David R. Major ("Major Responsive Decl.") at ¶ 12.] The Rule 56(d) request is DENIED because neither the Major Responsive Declaration nor any other

material the AOAO submitted in connection with Plaintiffs' Motion satisfy the requirements for a Rule 56(d) continuance. See Noetzel v. Haw. Med. Serv. Ass'n, CIVIL NO. 15-00310 SOM-KJM, 2017 WL 690531, at *1 (D. Hawai`i Feb. 21, 2017) (describing requirements for a Rule 56(d) continuance).

Chow suggests that Plaintiffs presentation of certain evidence could be construed as a request for a Rule 56(d) continuance. [Reply in supp. of Chow Motion, filed 5/21/18 (dkt. no. 152), at 12-14.] This Court declines to construe Plaintiffs' opposition materials as requesting a Rule 56(d) continuance because Plaintiffs neither expressly requested a continuance nor attempted to address the Rule 56(d) requirements. Further, specifically as to Count II (the only remaining claim against Chow), the fact that Plaintiffs have themselves moved for summary judgment shows they do not believe a continuance is necessary for them to respond to the Chow Motion.

## II. Plaintiffs' Claims

### A. Count I - Wrongful Foreclosure

Plaintiffs' Motion is granted insofar as this Court concludes Plaintiffs have established the elements of their wrongful foreclosure claim. See Galima v. Ass'n of Apartment Owners of Palm Court ex rel. Bd. of Dirs., CIVIL 16-00023 LEK-KSC, 2017 WL 1240181, at *9 (D. Hawai`i Mar. 30, 2017) ("3/30/17 Order") ("A plaintiff may bring a wrongful foreclosure claim where: (1) the foreclosure process failed to comply with Haw. Rev. Stat. Chapter 667; and (2) the foreclosing entity did not have the right to foreclose." (brackets, citations, and internal quotation marks omitted)). The legal rulings in this Court's 3/30/17 Order also apply on summary judgment. Further, this Court concludes, as a matter of law, that the AOAO's governing documents neither triggered the application of Haw. Rev. Stat. Chapter 667, Part I (2010) nor gave the AOAO a contractual right to conduct a nonjudicial foreclosure on its lien against Plaintiffs' unit.

Plaintiffs' Motion is denied to the extend it seeks summary judgment in their favor as to liability on Count I. Liability cannot be determined at this stage because there are genuine issues of material fact regarding the AOAO's defenses, *i.e.* the independent contractor defense and the business judgment rule. See Fed. R. Civ. P. 56(a) (stating a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

Plaintiffs' Motion is therefore granted in part and denied in part as to Count I, and the AOAO Motion is Motion is denied as to Count I.

### B. Count II - Fair Debt Collection Practices Act Claim

This Court finds there are genuine issues of material fact as to Plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claim, including, *inter alia*: whether the statute of limitations on the claim was tolled; see generally, 3/30/17 Order, 2017 WL 1240181, at *13 (discussing tolling of FDCPA claims); and whether Plaintiffs' obligation to pay their association assessments arose out of a transaction that was "primarily for personal, family, or household purposes," see 15 U.S.C. § 1692a(5). In the determination of the primary purpose of the transaction, the trier of fact must consider not only the period when Plaintiffs were delinquent in their association assessments, but also the period when they incurred their original obligation to pay those assessments, *i.e.* their purchase of their unit. See Thies v. Law Offices of William A. Wyman, 969 F. Supp. 604, 607 (S.D. Cal. 1997) ("Plaintiffs are obligated to pay their homeowner fees because of a covenant running with their property. Because no offer or extension of credit is required, the Court finds that a transaction, for the purposes of the FDCPA, arises out of Plaintiffs' obligation to pay dues for the services of the Association.").

In addition, this Court also finds there are genuine issues of material fact as to Chow's bona fide error defense, which arises from 15 U.S.C. § 1692k(c).

Plaintiffs' Motion is therefore denied as to Count II, and the Chow Motion is also denied.

### C.   Count III (Unfair or Deceptive Acts or Practices)

The Court finds there are genuine issues of material fact as to Plaintiffs' unfair or deceptive acts or practices ("UDAP") claim, including, *inter alia*: whether the statute of limitations on the claim was tolled; see generally, 3/30/17 Order, 2017 WL 1240181, at *16 (discussing tolling of UDAP claims); and whether Plaintiffs' "primarily for personal, family, or household purposes, . . . commit[ted] money . . . in a personal investment," see Haw. Rev. Stat. § 480-1. As with Plaintiffs' FDCPA claim, Plaintiffs' purchase of their unit, not merely their use of the unit at the time of their delinquency, is relevant. See Flores v. Rawlings Co., 117 Hawai`i 153, 164, 177 P.3d 341, 352 (2008) ("in the context of consumer debt, the determination of whether the individual seeking suit is a 'consumer' should rest on whether the underlying transaction which gave rise to the obligation was for a good or service that is 'primarily for personal, family, or household purposes,'" (quoting HRS § 480-1)). The AOAO Motion is therefore denied as to Count III.

### D.   Count IV (Fraud)

"The elements of a fraud claim are: '(1) false representations were made by defendants, (2) with knowledge of their falsity (or without knowledge of their truth or falsity), (3) in contemplation of plaintiff's reliance upon these false representations, and (4) plaintiff did rely upon them.'" 3/30/17

Order, 2017 WL 1240181, at *17 (quoting Shoppe v. Gucci Am., Inc., 94 Hawai`i 368, 386, 14 P.3d 1049, 1067 (2000))).  Further, "the alleged false representation must relate to a past or existing material **fact**."  Shoppe, 94 Hawai`i at 386, 14 P.3d at 1067 (emphasis added).  Plaintiffs have only shown that the AOAO, through its counsel, made misrepresentations about the law, *i.e.* that it was authorized to use Chapter 667, Part I (2010).  Plaintiffs have not shown that the AOAO made false representations of fact.  Further, even if the AOAO's misrepresentations about the law could support a fraud claim, Plaintiffs have failed to show the AOAO made those representations with knowledge they were false or without knowing whether they were true or false.

The AOAO is therefore entitled to judgment as a matter of law as to Plaintiffs' fraud claim, and the AOAO Motion is granted as to Count IV.

### E.   Count V - Intentional Infliction of Emotional Distress

The Court finds there are genuine issues of material fact as to Plaintiffs' intentional infliction of emotional distress ("IIED") claim, including, *inter alia*: whether the statute of limitations on the claim was tolled; see generally, 3/30/17 Order, 2017 WL 1240181, at *19 (noting the tolling analysis of Plaintiffs' FDCPA and UDAP claims applies to their IIED claim); and whether the AOAO's actions were sufficiently outrageous to support an IIED claim, see Young v. Allstate Ins. Co., 119 Hawai`i 403, 429, 198 P.3d 666, 692 (2008) (discussing the elements of an IIED claim).  The AOAO Motion is therefore denied as to Count V.

## III.  Punitive Damages

Finally, the AOAO Motion seeks a ruling that Plaintiffs cannot recover punitive damages.  The AOAO Motion is denied as to this request because there are genuine issues of material fact as to whether the AOAO's conduct warrants punitive damages.  See Isaac v. Daniels, CIVIL NO. 16-00507 DKW-RLP, 2018 WL 1903606, at *8 (D. Hawai`i Mar. 30, 2018) (discussing standards applicable to requests for punitive damages under Hawai`i law), *report and recommendation adopted*, 2018 WL 1902543 (Apr. 20, 2018).

## IV.  Summary

To recap, summary judgment is granted in favor of the AOAO as to their fraud claim (Count IV) and in favor of Plaintiffs as to the elements of their wrongful foreclosure claim (Count I).  The parties' motions for summary judgment are denied in all other respects.  This case will proceed to trial on: 1) the AOAO's defenses as to Count I; 2) if Plaintiffs prevail on the AOAO's asserted defenses to Count I, Plaintiffs' damages arising from the wrongful foreclosure; and 3) all issues related to Counts II, III, and IV.

     A written order will follow that will supersede these rulings.  Any party intending to file a motion for reconsideration must wait until the written order is filed to do so.

     IT IS SO ORDERED.


Submitted by: Toni Fujinaga, Courtroom Manager.