UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RUDY AKONI GALIMA, ROXANA BEATRIZ GALIMA,<br><br>Plaintiffs,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF PALM COURT, BY AND THROUGH ITS BOARD OF DIRECTORS; DOE DEFENDANTS 1-10, BRYSON CHOW,<br><br>Defendants. | CIV. NO. 16-00023 LEK-RT |

## ORDER DENYING DEFENDANT BRYSON CHOW'S MOTION FOR PARTIAL RECONSIDERATION

Plaintiffs Rudy Akoni Galima and Roxana Beatriz Galima ("Plaintiffs") filed their Motion for Partial Summary Judgment on Counts I and II (Wrongful Foreclosure and Violation of the Fair Debt Collection Practices Act) ("Plaintiffs' Motion for Summary Judgment"),[1] on January 19, 2018, and Defendant Bryson Chow ("Chow") filed his Motion for Summary Judgment Regarding the Fair Debt Collection Practices Claim in Count II of the Third Amended Complaint [Dkt. 88] ("Chow's Motion for Summary

---

[1] The portion of Plaintiffs' Motion for Summary Judgment addressing Count I – Plaintiff's wrongful foreclosure claim against Defendant Association of Apartment Owners of Palm Court, by and through its Board of Directors ("AOAO") – is not at issue in this Order.

Judgment"), on January 24, 2018. [Dkt. nos. 115, 118.] On December 31, 2018, this Court issued an order that, *inter alia*, denied Plaintiffs' Motion for Summary Judgment as to Count II and denied Chow's Motion for Summary Judgment ("12/31/18 Order"). [Dkt. no. 173.[2]] Before the Court is Chow's motion for partial reconsideration of the 12/31/18 Order ("Motion for Reconsideration"), filed on January 9, 2019. [Dkt. no. 177.] Plaintiffs filed their memorandum in opposition on January 24, 2019, and Chow filed his reply on February 6, 2019. [Dkt. nos. 181, 186.]

The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). For the reasons set forth below, Chow's Motion for Reconsideration is hereby denied because the discovery rule applies to Plaintiffs' remaining claim against Chow.

## BACKGROUND

The relevant factual and procedural background of this case is set forth in the 12/31/18 Order. Only the facts that are relevant to the Motion for Reconsideration will be repeated here.

---

[2] The 12/31/18 Order is also available at 2018 WL 6841818.

The AOAO is the condominium association for the Palm Court, Increment 1C, a project in which Plaintiffs previously owned a unit ("Unit"). After Plaintiffs became delinquent in their condominium association fees, the AOAO, through its attorneys (one of whom was Chow), engaged in various collection efforts to recover those fees. The AOAO ultimately placed a lien on the Unit and sold the Unit through a nonjudicial foreclosure process, which was conducted pursuant to Haw. Rev. Stat. Chapter 667, Part I. Chow represented the AOAO in the foreclosure process. He conducted a public auction on October 19, 2010, and the AOAO – the only bidder – sold the Unit to itself for one dollar. See 12/31/18 Order, 2018 WL 6841818, at *1-5. A quitclaim deed conveying the Unit from the AOAO to itself was recorded on November 9, 2010. See id. at *5 n.6. However, Plaintiffs did not file this action until January 12, 2016. See Notice of Removal, filed 1/22/16 (dkt. no. 1), Decl. of David R. Major, Exh. A (First Amended Complaint, filed on January 15, 2016 in state court).

Plaintiffs' only remaining claim against Chow is their claim alleging that he violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* ("Count II"). [Third Amended Complaint, filed 5/22/17 (dkt. no. 88), at ¶¶ 36-40.] FDCPA claims are subject to a one-year limitations period, but the discovery rule applies to the determination of when the

3

statute of limitations begins to run.  12/31/18 Order, 2018 WL 6841818, at *14 (some citations omitted) (citing 15 U.S.C. § 1692k(d); Lyons v. Michael & Assocs., 824 F.3d 1169, 1171-72 (9th Cir. 2016)).  Plaintiffs assert their FDCPA claim is timely because they did not know, and could not reasonably have known, about their claim against Chow until December 2015.  See Separate & Concise Statement of Material Facts in Supp. of Pltfs.' Motion ("Pltfs.' CSOF"), filed 1/19/18 (dkt. no. 116), Decl. of Rudy Akoni Galima ("Galima Decl.") at ¶ 22.

Both Plaintiffs' request and Chow's request for summary judgment as to Count II were denied.  The 12/31/18 Order addressed numerous issues related to Count II, but only one is relevant to the Motion for Reconsideration.  This Court found that there are genuine issues of material fact that preclude summary judgment as to the issue of whether Plaintiffs' FDCPA claim is timely, in light of the discovery rule.  12/31/18 Order, 2018 WL 6841818, at *15.

In the Motion for Reconsideration, Chow argues reconsideration is necessary because this Court failed to address his argument that Plaintiffs' lack of knowledge about the law cannot be used to invoke the discovery rule to delay the running of the statute of limitations.  Chow urges this Court to: reconsider the 12/31/18 Order; conclude that Plaintiffs'

4

FDCPA claim is time-barred; and grant summary judgment in his favor as to Count II.

**STANDARD**

Chow brings his Motion for Reconsideration pursuant to Local Rule 60.1(c), [Mem. in Supp. of Motion for Reconsideration at 3,] which states: "Motions for reconsideration of interlocutory orders may be brought only upon the following grounds . . . (c) Manifest error of law or fact." This Court has previously stated a motion for reconsideration

> "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal quotation marks omitted). . . . "Mere disagreement with a previous order is an insufficient basis for reconsideration." Davis, 2014 WL 2468348, at *3 n.4 (citations and internal quotation marks omitted).

Heu v. Waldorf=Astoria Mgmt. LLC, CIVIL 17-00365 LEK-RLP, 2018 WL 2011905, at *1 (D. Hawai`i Apr. 30, 2018) (alteration in Heu) (some citations omitted).

**DISCUSSION**

I. **Plaintiffs' FDCPA Claim**

Count II alleges Chow violated 15 U.S.C. § 1692f, which states, in pertinent part:

5

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . .
>
> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if –
>
> > (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest[.]

In various documents, including letters to Plaintiffs and filings in the foreclosure process, Chow represented that the AOAO had a right to foreclose upon the Unit through Chapter 667, Part I. See, e.g., AOAO's response to Pltfs.' CSOF, filed 5/14/18 (dkt. no. 146), Decl. of Rich Hargrave ("Hargrave Responsive Decl."), Exh. 13 (letter dated 8/31/10 to Plaintiffs from Chow and Christian Porter);[3] Galima Decl., Exh. C (AOAO's Aff. of Non-Judicial Foreclosure Sale Under Power of Sale, recorded in the Land Court on 11/4/10) at ¶ 3. That representation was false.

This Court has concluded that the AOAO was not authorized to utilize Chapter 667, Part I to foreclose upon Plaintiffs' Unit because the AOAO did not have an agreed upon

---

[3] As of the date of the declaration, Rich Hargrave was the AOAO's president. [Hargrave Responsive Decl. at ¶ 1.]

6

power of sale provision or other contractual agreement authorizing it to utilize Part I. In order to legally foreclose upon Plaintiffs' Unit, the AOAO was required to utilize Haw. Rev. Stat. Chapter 667, Part II. See 12/31/18 Order, 2018 WL 6841818, at *9. Thus, at the time of the foreclosure, the AOAO did not have a present right to possess the Unit through Chapter 667, Part I. If Plaintiffs prove all of the other elements of their FDCPA claim, Chow may be liable for violating of § 1692f(6)(A).[4] Plaintiffs suffered damages as a result of this alleged violation because they lost their Unit in the illegal Part I foreclosure.

It is undisputed that Plaintiffs did not file their FDCPA claim against Chow within one year of their loss of the Unit. However, Plaintiffs assert that, under the discovery rule, the statute of limitations did not begin to run at the time of the foreclosure because they did not know, or have reason to know, about Chow's misrepresentation until December 2015. In both Chow's Motion for Summary Judgment and the Motion for Reconsideration, Chow argues Plaintiffs' lack of knowledge

---

[4] Examples of other issues that remain include: whether Plaintiffs' obligation to pay their condominium association fees was a "debt" for purposes of the FDCPA; and whether Chow is entitled to the bona fide error defense. See 12/31/18 Order, 2018 WL 6841818, at *15-17 (finding genuine issues of material fact as to those issues).

7

about the improper use of Chapter 667, Part I is ignorance of the law, which cannot support the invocation of the discovery rule. [Mem. in Supp. of Chow's Motion for Summary Judgment at 7; Mem. in Supp. of Motion for Reconsideration at 6 (both citing Crow v. Ocwen Loan Servicing, LLC, CIVIL NO. 15-00161 SOM/KJM, 2016 WL 3557008, at *9 (D. Hawai`i June 24, 2016); Jestes v. Saxon Mortg. Servs., Inc., No. 2:11-00059 2014 WL 1847806, at *9 (M.D. Tenn. May 8, 2014)).]

As noted in the 12/31/18 Order, "under the federal discovery rule, the statute of limitations applicable to a claim begins to run when the plaintiff knew or reasonably should have known about the defendant's act and that it was wrongful." 12/31/18 Order, 2018 WL 6841818, at *15 (citing Lyons, 824 F.3d at 1171 (discussing Mangum v. Action Collection Serv., Inc., 575 F.3d 935, 941 (9th Cir. 2009); Tourgeman v. Collins Fin. Servs., Inc., 755 F.3d 1109, 1118 n.5 (9th Cir. 2014))). Lyons is controlling Ninth Circuit authority and, to the extent Crow and Jestes are contrary to Lyons, this Court need not consider them.[5]

---

[5] In addition, Jestes is not persuasive because it was decided by a district court within the Sixth Circuit. Jestes notes the Ninth Circuit's holding in Mangum that the discovery rule applies to FDCPA claims, Jestes, 2014 WL 1847806, at *9, but Jestes was decided prior to Lyons. Crow was decided within a few weeks after the Ninth Circuit issued the Lyons opinion. Crow cites Mangum, but does not cite Lyons. Crow, 2016 WL 3557008, at *9.

8

The plaintiff, Deborah A. Lyons, alleged the defendants violated the FDCPA by filing a debt collection action against her in a judicial district that was neither the one in which she signed the contract that was the basis of the debt nor the one where she was residing at the time the collection action was filed. Lyons, 824 F.3d at 1170 (discussing 15 U.S.C. § 1692i). The collection action was filed on December 7, 2011. Although Lyons did not file her FDCPA action until January 3, 2013, she argued her FDCPA action was timely, based on the discovery rule, because she did not know or have reason to know about the collection action until she was served with process in mid-January 2012. Id.

The Ninth Circuit noted it held in Mangum, which involved the wrongful disclosure of debt information to another party, that the discovery rule applied in FDCPA actions.[6] Id. at 1171 (discussing Mangum, 575 F.3d at 937-41). The Ninth Circuit held that Lyons timely filed her FDCPA action because:

> The fact that the alleged violation was the wrongful filing of a debt collection action – rather than the wrongful disclosure of information to third parties as in Mangum, or a violation in debt collection letters as in Tourgeman – makes no difference to our analysis. We therefore hold that **the discovery rule applies equally regardless of the nature of the FDCPA violation alleged by a plaintiff**.

---

[6] This disclosure was allegedly a violation of 15 U.S.C. § 1692a(6). See Mangum, 575 F.3d 935 at n.22.

9

Id. (emphasis added).

In the instant case, Chow made a misrepresentation about the law in letters to Plaintiffs and in filings regarding the foreclosure process. As previously noted, this may constitute a violation of § 1692f(6)(A). The discovery rules applies regardless of the factual basis of the alleged FDCPA violation. See Lyons, 824 F.3d at 1173 ("While Mangum did not involve the filing of a collection lawsuit, we see no reason to limit our conclusion that the discovery rule applies to 15 U.S.C. § 1692k(d) to its particular facts."). It certainly applies to Chow's alleged violation of § 1692f(6)(A). Chow's argument that his misrepresentation about the AOAO's authority to foreclose under Chapter 667, Part I cannot support the application of the discovery rule because the AOAO's authority is an issue of law is therefore rejected. Chow's erroneous statement is one of the factual elements of Plaintiffs' FDCPA claim – the AOAO did not have a present right to possess the Unit through Chapter 667, Part I, see § 1692f(6)(A).[7] The

---

[7] Crow is distinguishable because the district court stated, "Crow is not relying on his discovery of facts. He is instead looking at when he learned what the law provided." See 2016 WL 3557008, at *9. The district court rejected Crow's argument that, "under the discovery rule, the limitations period only began to run when he became aware of his claims after consulting 'knowledgeable third parties' regarding his **legal options**." Id. (emphasis added). In essence, Chow conceded that he was aware
(. . . continued)

statute of limitations on Plaintiffs' FDCPA claim against Chow did not begin to run until they knew or reasonably could have known that Chow's representation about the AOAO authority to utilize Part I was false. See Tourgeman, 755 F.3d at 1118 n.5 ("The district court appropriately concluded that 'the first time that [Tourgeman] **reasonably could have become aware of the allegedly false and misleading representations** in Defendants' letters was when his father was served with summons and complaint in the state court lawsuit in October 2007,' after which litigation discovery revealed the existence of the collection letters." (alteration in Tourgeman) (emphasis added) (quoting Tourgeman v. Collins Fin. Servs., Inc., No. 08-CV-1392 JLS (NLS), 2011 WL 3176453, at *6 (S.D. Cal. July 26, 2011))).

     As this Court found in the 12/31/18 Order, there are genuine issues of material fact that preclude summary judgment on the issue of whether Plaintiffs' FDCPA claim is timely. 2018 WL 6841818, at *15. Thus, Chow is not entitled to summary judgment.

---

of all of the relevant facts, but he asserted he was not aware that the FDCPA provided him with legal remedies for the defendant's actions. That is not the case here. Plaintiffs' position is that they were not aware of a fact, *i.e.*, that Chow had made misrepresentations.

11

**II. Chow's Motion for Reconsideration**

Chow's argument that Plaintiffs' lack of knowledge about the law cannot support the application of the discovery rule was presented in Chow's Motion for Summary Judgment. [Mem. in Supp. of Chow's Motion for Summary Judgment at 7.] This argument was rejected when this Court found there were genuine issues of material fact that precluded summary judgment on the issue of whether Plaintiffs' FDCPA claim was timely. See 12/31/18 Order, 2018 WL 6841818, at *15. Further, the controlling Ninth Circuit case in the analysis above, Lyons, was cited in the 12/31/18 Order, see id. at *14-15, and Chow simply rehashes old arguments already raised and decided by this Court. The Motion for Reconsideration is therefore denied.

**CONCLUSION**

On the basis of the foregoing, Chow's January 9, 2019 motion for partial reconsideration of the order that this Court filed on December 31, 2018 is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, March 8, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RUDY AKONI GALIMA, ET AL. VS. AOAO PALM COURT, ET AL.; CV 16-00023 LEK-RT; ORDER DENYING DEFENDANT BRYSON CHOW'S MOTION FOR PARTIAL RECONSIDERATION**