UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RUDY AKONI GALIMA, ROXANA BEATRIZ GALIMA,<br><br>            Plaintiffs,<br><br>   vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF PALM COURT, BY AND THROUGH ITS BOARD OF DIRECTORS; DOE DEFENDANTS 1-10, BRYSON CHOW,<br><br>            Defendants. | CIV. NO. 16-00023 LEK-RT |

**ORDER DENYING DEFENDANT BRYSON CHOW'S
MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

On December 31, 2018, the Court issued its Order Granting in Part and Denying in Part: Plaintiffs' Motion for Partial Summary Judgment; Defendant AOAO's Motion for Summary Judgment; and Defendant Chow's Motion for Summary Judgment ("12/31/18 Order"). [Dkt. no. 173.[1]] On March 8, 2019, this Court issued an order denying Defendant Bryson Chow's ("Chow") January 9, 2019 motion for reconsideration of the 12/31/18 Order ("3/8/19 Order"). [Dkt. nos. 177, 195.[2]] Before the Court is Chow's motion, filed on April 10, 2019, seeking certification of

---

[1] The 12/31/18 Order is also available at 2018 WL 6841818.

[2] The 3/8/19 Order is also available at 2019 WL 1102188.

the 12/31/18 Order and 3/8/19 Order for interlocutory appeal
("Certification Motion"). [Dkt. no. 210.] Plaintiffs
Rudy Akoni Galima and Roxana Beatriz Galima ("Plaintiffs") filed
their memorandum in opposition on April 25, 2019. [Dkt.
no. 227.] The Court finds this matter suitable for disposition
without a hearing pursuant to Rule LR7.2(d) of the Local Rules
of Practice for the United States District Court for the
District of Hawaii ("Local Rules"). Chow's Certification Motion
is hereby denied for the reasons set forth below.

## BACKGROUND

The factual and procedural background of this case is
set forth in the 12/31/18 Order and will not be repeated here.
In the 12/31/18 Order, this Court ruled that, as a matter of
law: 1) Defendant Association of Apartment Owners of Palm Court
("AOAO") was not authorized to utilize the version of Haw. Rev.
Stat. Chapter 667, Part I in effect in 2010 to foreclose upon
Plaintiffs' condominium unit; 2) the AOAO was required to
utilize Haw. Rev. Stat. Chapter 667, Part II; and 3) the AOAO's
use of Part I was a violation of Chapter 667. 12/31/18 Order,
2018 WL 6841818, at *9. This Court denied Chow's motion for
summary judgment as to the only remaining claim against him, a
claim alleging violations of the Fair Debt Collection Practices
Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* This Court ruled that
there are genuine issues of material fact as to: 1) whether

Plaintiffs' FDCPA claim is timely; 2) whether the obligation that was being collected from Plaintiffs in the foreclosure process was a "debt" for purposes of the FDCPA; and 3) whether Chow is relieved from liability because of the bona fide error defense. 12/31/18 Order, 2018 WL 6841818, at *14-18. In the 3/8/19 Order, this Court expressly rejected Chow's argument that a lack of knowledge about the law cannot be used to invoke the discovery rule to delay the running of the statute of limitations, and this Court reiterated that there are triable issues of fact as to whether Plaintiffs' FDCPA claim is timely. 2019 WL 1102188, at *3-5.

In the Certification Motion, Chow argues this Court should certify the 12/31/18 Order and the 3/8/19 Order for interlocutory appeal because the issue of whether Plaintiffs' ignorance of the law can support the application of the discovery rule is a controlling question of law in this case. Further, Chow contends there are substantial grounds supporting a contrary opinion on this issue, and an interlocutory appeal of this issue would materially advance this case and other similar cases.

## DISCUSSION

A "movant seeking an interlocutory appeal [under 28 U.S.C. § 1292(b)] has a heavy burden to show that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final

judgment." <u>Coopers & Lybrand v. Livesay</u>, 437
U.S. 463, 475 (1978) (internal quotation marks
and citation omitted);[3] <u>see also</u> <u>James v. Price</u>
<u>Stern Sloan, Inc.</u>, 283 F.3d 1064, 1067 n.6 (9th
Cir. 2002) ("Section 1292(b) is a departure from
the normal rule that only final judgments are
appealable, and therefore must be construed
narrowly[]"); <u>Du Preez v. Banis</u>, No.
CIV. 14-00171 LEK-RLP, 2015 WL 857324, at *1 (D.
Haw. Feb. 27, 2015) (collecting cases).
Certification for interlocutory appeal under
§ 1292(b) is only appropriate where: (1) the
order involves a controlling question of law;
(2) a substantial ground for difference of
opinion exists as to that question; and (3) an
immediate appeal from the order may materially
advance the ultimate termination of the
litigation.  28 U.S.C. § 1292(b).

<u>Botelho v. Nielsen</u>, CIV. NO. 18-00032 ACK-RLP, 2019 WL 1521980,

at *1 (D. Hawai`i Apr. 8, 2019) (alterations in <u>Botelho</u>).

Chow's proposed interlocutory appeal would "involve[]

an issue over which reasonable judges might differ and such

uncertainty provides a credible basis for a difference of

opinion on the issue."  <u>See</u> <u>Reese v. BP Expl. (Alaska) Inc.</u>, 643

F.3d 681, 688 (9th Cir. 2011) (citation and internal quotation

marks omitted).  Thus, the second § 1292(b) requirement is met.

The proposed interlocutory appeal, however, does not meet the

other § 1292(b) requirements.

---

[3] <u>Coopers & Lybrand</u> was superseded on other grounds by Fed.
R. Civ. P. 23(f).  <u>See</u> <u>Microsoft Corp. v. Baker</u>, 137 S. Ct.
1702, 1706-10 (2017).

All of Plaintiffs' claims are premised upon this
Court's conclusion that the AOAO was not authorized to utilize
Chapter 667, Part I to foreclose upon Plaintiffs' condominium
unit.  The AOAO has argued that Senate Bill 551, which was
passed during the 2019 session of the Hawai`i State Legislature
and is currently enrolled to the Governor, "may very well end
this case" because it establishes that a condominium association
was entitled to use Part I, even if its governing documents did
not have an express power of sale provision.[4]  [Mem. in Supp. of
Motion to Continue Trial Date and Pretrial Deadlines, filed
5/3/19 (dkt. no. 240-1), at 2.]  If Senate Bill 551 becomes law
and is applied to this case, it would not be necessary to
address whether Plaintiffs' FDCPA claim against Chow is timely.
Therefore, the discovery rule issue that would be the subject of
Chow's proposed interlocutory appeal is not a controlling issue
in this case.

The instant case has been pending for over three years
and, before the AOAO raised the Senate Bill 551 issue, the trial
date was imminent.  See Third Amended Rule 16 Scheduling Order,
filed 5/14/18 (dkt. no. 144), at ¶ 1 (setting July 9, 2019 trial
date); EO, filed 8/22/18 (dkt. no. 171) (moving the trial date

---

[4] This Court makes no findings or conclusions at this time
regarding the effect, if any, that Senate Bill 551 will have on
this case if it becomes law.

to July 8, 2019). Thus, even without considering Senate Bill 551, allowing Chow's proposed interlocutory appeal would not materially advance the instant case when the proceedings that remain are weighed against the litigation that has already taken place.[5] Chow must pursue the discovery rule issue on appeal in the normal course, if Plaintiffs obtain a judgment against him.

Chow has failed to establish that the instant case presents the type of "exceptional circumstances" which warrant an interlocutory appeal. See Coopers & Lybrand, 437 U.S. at 475.

## CONCLUSION

On the basis of the foregoing, Chow's Motion to Certify Order for Interlocutory Appeal, filed April 10, 2019, is HEREBY DENIED.

IT IS SO ORDERED.

---

[5] Even if an interlocutory ruling on the discovery rule issue would be helpful in the litigation of other cases raising claims similar to Plaintiffs' claims, that fact is irrelevant because § 1292(b) looks at the whether the interlocutory appeal "may materially advance the ultimate termination of the litigation" in which the interlocutory appeal is taken.

DATED AT HONOLULU, HAWAI`I, June 14, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

<u>RUDY AKONI GALIMA, ET AL. VS. ASSOCIATION OF APARTMENT OWNERS OF</u>
<u>PALM COURT, ET AL; CV 16-00023 LEK-RT;</u> ORDER DENYING DEFENDANT
BRYSON CHOW'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL