```
                UNITED STATES DISTRICT COURT
                     DISTRICT OF HAWAII
```

| | |
|---|---|
| RUDY AKONI GALIMA, ROXANA BEATRIZ GALIMA,<br><br>             Plaintiffs,<br><br>     vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF PALM COURT, BY AND THROUGH ITS BOARD OF DIRECTORS; DOE DEFENDANTS 1-10, BRYSON CHOW,<br><br>             Defendants. | CIV. NO. 16-00023 LEK-RT |

**ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE ORDER GRANTING SUMMARY JUDGMENT OF <u>THEIR HAWAII UNFAIR DECEPTIVE PRACTICES ACT CLAIM</u>**

On December 31, 2018 this Court issued its Order Granting in Part and Denying in Part: Plaintiffs' Motion for Partial Summary Judgment; Defendant AOAO's Motion for Summary Judgment; and Defendant Chow's Motion for Summary Judgment ("12/31/18 Order"). [Dkt. no. 173.[1]] Before the Court is Plaintiffs Rudy Akoni Galima and Roxana Beatriz Galima's ("Plaintiffs") motion for partial reconsideration of the 12/31/18 Order ("Motion for Reconsideration"), filed June 23, 2020. [Dkt. no. 292.] On July 7, 2020, Defendant Association of Apartment Owners of Palm Court ("AOAO") filed its memorandum in opposition to the Motion for Reconsideration, and Defendant

---

[1] The 12/31/18 Order is also available at 2018 WL 6841818.

Bryson Chow ("Chow") filed his joinder in the memorandum in opposition. [Dkt. nos. 296, 297.] Plaintiffs filed their reply on July 20, 2020. [Dkt. no. 302.] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").

On August 26, 2020, an entering order was issued ruling on the Motion for Reconsideration. [Dkt. no. 303.] This Order supersedes that entering order. Plaintiffs' Motion for Reconsideration is hereby granted for the reasons set forth below.

## BACKGROUND

The factual and procedural background of this case is set forth in the Court's prior orders and will only be repeated to the extent it is relevant to the Motion for Reconsideration. This matter arises out of the foreclosure of Plaintiffs' condominium unit by the AOAO, which was represented by Chow, pursuant to the nonjudicial foreclosure procedure available at that time within Chapter 667, Part I of the Hawai`i Revised Statutes.[2] The operative pleading is the Third Amended

---

[2] Unless otherwise specified, all references to "Chapter 667, Part I" in this case refer to the versions of Haw. Rev. Stat. §§ 667-5 to 667-10 in effect at the time of the
(. . . continued)

Complaint, [filed 5/22/17 (dkt. no. 88),] which alleges the following claims: wrongful foreclosure against the AOAO ("Count I"); violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(f), *et seq.*, against Chow ("Count II"); a Haw. Rev. Stat. Chapter 480 claim against the AOAO for unfair or deceptive acts or practices ("UDAP" and "Count III"); a fraud claim against the AOAO ("Count IV"); and a claim against the AOAO for mental anguish and emotional distress, which has been construed as a claim for intentional infliction of emotional distress ("Count V").

Relevant to the Motion for Reconsideration, the 12/31/18 Order granted the AOAO's motion for summary judgment, [filed 1/24/18 (dkt. no. 117) ("1/24/18 Summary Judgment Motion"),] as to Count III.[3]  12/31/18 Order, 2018 WL 6841818, at *12.  Plaintiffs argued there were genuine issues of material fact as to whether their UDAP claim was timely because of the application of equitable tolling.  Plaintiffs' position was that the AOAO fraudulently concealed its illegal action by repeatedly

---

nonjudicial foreclosure on Plaintiffs' condominium unit.  See, e.g., Galima v. Ass'n of Apartment Owners of Palm Court, CIVIL 16-00023 LEK-KSC, 2017 WL 1240181, at *2 & n.3 (D. Hawai`i Mar. 30, 2017).  Sections 667-5, 667-5.7, 667-6, 667-7, and 667-8, which were in effect in 2010, were repealed in 2012.  2012 Haw. Sess. Laws Act 182, §§ 50-54 at 684.

[3] The other rulings in the 12/31/18 Order are not at issue in the Motion for Reconsideration.

representing that the foreclosure of Plaintiffs' unit was authorized under Chapter 667, Part I.  Id. at *11.  This Court noted that, in a similar case alleging the wrongful foreclosure of a condominium unit, the Hawai`i Intermediate Court of Appeals ("ICA") held that, where there was no allegation that the condominium association concealed its reliance on the version of § 667-5 in effect at the time, the homeowners' "'later-developed, but cognizable and ultimately successful, legal theory'" did not constitute fraudulent concealment by the association.  12/31/18 Order, 2018 WL 6841818, at *11 (quoting Malabe v. Ass'n of Apartment Owners of Exec. Ctr., NO. CAAP-17-0000145, 2018 WL 6258564, at *4 (Hawai`i Ct. App. Nov. 29, 2018)).  Because this Court predicted that the Hawai`i Supreme Court would follow the ICA's analysis in Malabe, this Court adopted the ICA's analysis in this case and rejected Plaintiffs' fraudulent concealment argument.  Id. at *12.

The Hawai`i Supreme Court subsequently issued its decision in Malabe.  147 Hawai`i 330, 465 P.3d 777 (2020).  The supreme court vacated the ICA's judgment on appeal as to the Malabes' UDAP claim, holding that the circuit court erred in dismissing the claim.  Id. at 358, 465 P.3d at 805-06.  Here, Plaintiffs' Motion for Reconsideration asserts the ruling on their UDAP claim in the 12/31/18 Order should be reconsidered in light of the supreme court's opinion in Malabe.

## **STANDARD**

Because the 12/31/18 Order was not a case-dispositive order, Local Rule 60.1 applies. It states, in pertinent part:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> (a)  Discovery of new material facts not previously available;
>
> (b)  Intervening change in law; and/or
>
> (c)  Manifest error of law or fact.
>
> Motions asserted under subsection (c) of this rule must be filed and served within fourteen (14) days after the court's order is issued.

Because Plaintiffs bring the instant Motion for Reconsideration based on an intervening change in the law, the fourteen-day filing deadline does not apply.

> A motion for reconsideration
>
> "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal quotation marks omitted). . . . "Mere disagreement with a previous order is an insufficient basis for reconsideration." Davis, 2014 WL 2468348, at *3 n.4 (citations and internal quotation marks omitted).

5

Lake v. Ohana Mil. Cmtys., LLC, CIV. NO. 16-00555 LEK, 2019 WL 2476728, at *2 (D. Hawai`i June 13, 2019) (alteration in Lake) (some citations omitted).

## DISCUSSION

The decision that was reviewed by the appellate courts in Malabe was the circuit court's dismissal of the UDAP claim for failure to state a claim upon which relief could be granted. See, e.g., Malabe, 147 Hawai`i at 336, 465 P.3d at 783. In contrast, the 12/31/18 Order granted summary judgment in favor of the AOAO as to Plaintiffs' UDAP claim. 2018 WL 6841818, at *12. The supreme court's opinion relied heavily upon the notice pleading standard applicable in Hawai`i state courts, which is not the same as the pleading standard under federal law. See Malabe, 147 Hawai`i at 358 n.36, 465 P.3d at 805 n.36 ("We . . . strongly disagree with the dissent's imposition of federal court pleading standards for fraudulent concealment onto our state courts."); id. (noting the "'plausibility' pleading standards" established by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), were "expressly rejected" in Bank of America, N.A. v. Reyes-Toledo, 143 Hawai`i 249, 252, 428 P.3d 761, 764 (2018), in which the supreme court "reaffirmed that [Hawai`i state] courts are governed by 'notice' pleading standards").

The supreme court took the Malabes' allegations in their complaint as true and noted it was required to "view the complaint in the light most favorable to the Malabes."  Malabe, 147 Hawai`i at 358, 465 P.3d at 805.

> The Malabes' complaint pled that the AOAO had fraudulently concealed the wrongfulness of the foreclosure proceedings by implying, stating, and/or misrepresenting that it held a mortgage with a power of sale when it did not, or that it was authorized to use HRS § 667-5 when it could not, that they relied on the false statements and representations of the AOAO concerning the AOAO's right to conduct a public sale pursuant to HRS § 667-5, and that they were entitled to so rely because they were members of the AOAO, because of the AOAO's trustee-like relationship with them, and because the AOAO was acting as an agent or attorney on their behalf.

Id. at 358 n.36, 465 P.3d at 805 n.36.  In its fraudulent concealment analysis, the supreme court held that "the Malabes' allegations are not insufficient as a matter of law," and "it cannot be said 'they can prove no set of facts in support of their claim that would entitle them to relief."  Id. at 358 & n.36, 465 P.3d at 805 & n.36 (brackets omitted).

Similarly, in the present case, when the evidence on summary judgment was viewed in the light most favorable to Plaintiffs,[4] there was evidence that the AOAO represented to Plaintiffs that it had the authority to conduct a nonjudicial

---

[4] In considering the AOAO's 1/24/18 Summary Judgment Motion, the record was viewed in the light most favorable to Plaintiffs. 12/31/18 Order, 2018 WL 6841818, at *11-12.

foreclosure of their unit, pursuant to Chapter 667, Part I.  See 12/31/18 Order, 2018 WL 6841818, at *3-4.  There was also evidence that an attorney who represented the AOAO before it was represented by Chow sent a letter to his condominium association clients in November 2010 warning them that Hawai`i courts may hold that Part I nonjudicial foreclosures were illegal.  Thus, there was a genuine issue of fact as to whether the AOAO received similar advice.  See id. at *11.  Further, there was evidence that Plaintiffs believed the foreclosure of their unit was proper because of the statements and representations that the AOAO had made throughout the demand and foreclosure process.  Id. at *5.  Although the procedural postures of the two cases were different, the evidence in the summary judgment record in the instant case was similar to the factual allegations pled in Malabe.  Just as the Hawai`i Supreme Court held that the factual allegations in Malabe were sufficient to state a claim upon which relief could be granted, this Court concludes that the record at the summary judgment stage was sufficient to preclude judgment as a matter of law.

This Court therefore concludes that the Hawai`i Supreme Court's opinion in Malabe constitutes an intervening change in the law that requires reconsideration of the 12/31/18 Order's analysis of Plaintiffs' UDAP claim.  That portion of the 12/31/18 Order must be vacated, and the AOAO's 1/24/18 Summary

Judgment Motion must be denied as to Plaintiffs' UDAP claim. Thus, Count III, Plaintiffs' UDAP claim, and the AOAO's defenses thereto, will proceed to trial, along with:

> 1) the AOAO's defenses as to Count I; 2) if Plaintiffs prevail on the AOAO's asserted defenses to Count I, Plaintiffs' damages arising from the wrongful foreclosure;[5] 3) all of the parties' asserted issues related to Counts II and V, except for Plaintiffs' argument that the statute of limitations for each of those claims was tolled based on fraudulent concealment.

See 12/31/18 Order, 2018 WL 6841818, at *18.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Reconsideration of the Order Granting Summary Judgment of Their Hawaii Unfair Deceptive Practices Act Claim, filed June 23, 2020, is HEREBY GRANTED. The portion of this Court's December 31, 2018 order granting summary judgment in favor of the AOAO as to Count III, Plaintiffs' UDAP claim, is VACATED and SUPERSEDED by this Order. The AOAO's January 24, 2018 Motion for Summary Judgment is DENIED as to Count III. All other rulings in the December 31, 2018 order are unaffected by this Order.

IT IS SO ORDERED.

---

[5] Plaintiffs' damages would be limited as set forth in the May 3, 2019 Order Granting in Part and Denying in Part Defendants' Motions for Summary Judgment Regarding Damages. [Dkt. no. 246.]

DATED AT HONOLULU, HAWAI`I, September 24, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RUDY AKONI GALIMA, ET AL. VS. AOAO PALM COURT, ET AL; CV 16-00023 LEK-RT; ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE ORDER GRANTING SUMMARY JUDGMENT OF THEIR HAWAI`I UNFAIR DECEPTIVE PRACTICES ACT CLAIM**